The State v. Hathaway.

THE STATE v. HATHAWAY, *Appellant.*

DIVISION TWO.

**Criminal Law :** UNLAWFULLY PRACTICING MEDICINE : INDICTMENT. An indictment under Revised Statutes, 1889, chapter 110, article 1, for unlawfully practicing medicine, which fails to aver that the defendant did unlawfully and wilfully practice medicine without having his certificate from the board of health recorded, is fatally defective.

*Appeal from Buchanan Criminal Court.*—HON. SILAS WOODSON, Judge.

REVERSED.

*H. S. Kelley* and *C. M. Napton* for appellant.

( 1 ) The court erred in overruling the motion to quash the indictment, for the reason that it did not

state facts sufficient to constitute any offense against
the laws of the state—did not charge the defendant
with any offense.   Being founded on a statute creating
an offense unknown to the common law, the indictment
must set forth all the constituent facts necessary to
bring the accused fully within the provisions of the
statute.   State v. Gabriel, 88 Mo. 634.   A clear sub-
stantive charge must be made.   State v. Reaky, 62 Mo.
40 ; State v. Fisher, 58 Mo. 256 ; State v. Flint, 62 Mo.
393 ; State v. Pinger, 57 Mo. 243 ; State v. Emerick, 87
Mo. 110 ; State v. Smith, 62 Mo. 92 ; State v. Little, 76
Mo. 372 ; State v. Sundheimer, 93 Mo. 311.   The excep-
tions and provisos in the statute creating the offense
were not properly negatived—by showing that defend-
ant did not fall within the exceptions or provisos in the
statute.   State v. Elam, 21 Mo. App. 290.   ( 2 )   The
court erred in overruling the motion in arrest of judg-
ment, because the indictment was insufficient—failed
to charge any offense against the defendant known to
the law.

William E. Sherwood, Prosecuting Attorney, for
the State.

The indictment, where objections are made, is in
the language of the statute.   It is not necessary to cite
authorities to sustain this proposition.   The indictment
was not defective in any particular—especially so as to
"prejudice the substantial rights of the defendant upon
the merits."   The court properly so ruled.   R. S., sec.
4115, and authorities there cited.   The indictment
charges the defendant with being a practitioner of medi-
cine, as defined by the law in question.   The legislature
had the power to define who should be held to be a
practitioner of medicine.   State v. Vandersluis, 43
N. W. Rep. ( Minn.) 789, and cases there cited.

GANTT, P. J.—This cause was certified to this court for determination by the Kansas City court of appeals, for the reason that in the decision thereof a constitutional question is involved.

The defendant was indicted by the grand jury of Buchanan county at the June term, 1889. The indictment is as follows: "The grand jurors of the state of Missouri within and for the body of the county of Buchanan aforesaid, being duly impaneled and sworn upon their oaths, do present that J. N. Hathaway on the first day of July, 1889, at the county of Buchanan and state aforesaid, did then and there unlawfully, by being a practitioner and doctor of medicine and surgery, and engaged in said business and profession, and by publicly professing to be a physician and surgeon aforesaid and to prescribe for the sick for compensation and by appending to his name the letters 'M. D.,' and was not at the time aforesaid a student prescribing under the supervision of a preceptor, or engaged at the time in rendering gratuitous services in cases of emergency, or professing so to do, and was not at the time aforesaid a commissioned surgeon in the United States army, navy and marine hospital service, and was not a physician and surgeon as aforesaid nor a practicing physician and surgeon as aforesaid in this state for five years next before the second day of April, 1883, nor for four years next before the said second day of April, 1883, without first having filed for record in the office of the county clerk of said county in the book kept in the office of the clerk of the county court of said county for that purpose a certificate from the state board of health authorizing the said J. N. Hathaway to so practice medicine and surgery or either as aforesaid in said county, the county in which the said J. N. Hathaway resides, and did reside during the time aforesaid and pursues said profession aforesaid contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

The State v. Hathaway.

The defendant, at the November term, 1889, filed a motion to quash this indictment because, *first*, it did not state facts sufficient to constitute any offense against the laws of this state; *second*, because it did not state facts sufficient to constitute any offense, in this, that it does not state that the defendant has, or had at the time of his alleged practicing as a physician, a certificate from the state board of health, upon which he could be enrolled or which could be filed with the county clerk for record, or that he had failed to apply to the said state board for such certificate. This motion was over-ruled and defendant by his counsel duly excepted. The cause was tried. A jury was waived, and the court found defendant guilty and assessed his fine at $50. From this judgment he appealed to the Kansas City court of appeals.

Counsel for defendant rely for reversal of the judgment of. the criminal court upon two propositions, *first*, that the indictment charges no offense against the laws of this state, and, *second*, that the law, chapter 110, article 1, Revised Statutes, 1889, for a violation of which defendant was tried, is unconstitutional, in that it discriminates between practitioners of medicine by conferring special privileges upon certain physicians, exempting them from the obligations and burdens imposed upon others engaged in the same profession; is, therefore, class legislation, and in violation of the constitution.

The indictment is obnoxious to the objection that it charges no offense. It is an attempt to frame a sentence without a predicate. Throughout its length, it utterly fails to affirm, or charge the defendant with having done, any act, criminal or otherwise. The pleader, in his effort to make all the necessary *negative averments*, overlooked the essential *affirmative averment that the defendant did unlawfully and wilfully practice medicine without having his certificate from the board of health recorded.* The defendant has the constitutional

right to be informed of the nature and cause of the accusation against him, and the charge should be clear, distinct and direct. It is very clear that this indictment is fatally defective in these necessary and indispensable requirements. 1 Bishop, Crim. Proc., sec. 508 ; *United States v. Cook*, 17 Wall. 174 ; *State v. Saunders*, 63 Mo. 482. The motion in arrest should have been sustained.

The second objection, that the statute, under which this prosecution was attempted, is unconstitutional, raises a proposition of law, in which the defendant is no longer concerned, for, whether it is constitutional or not, the present prosecution falls on account of the insufficiency of the indictment. We do not feel called upon to decide upon the validity of an act of the legislature until the rights of some one can be affected by our judgment, and, until a good information or indictment is preferred against him, defendant is in no danger. We reverse the judgment and sentence of the criminal court of Buchanan county, and direct that defendant be discharged from his recognizance or appeal bond. All concur.