143   495
179   182.

BUSINESS MEN'S LEAGUE *et al.* v. WADDILL, *Appellant.*

Division One, April 1, 1898.

1. **Injunction:** UNIFORM INSURANCE CONTRACT: LEGISLATIVE ACT. One citizen can not contest the validity of a legislative act and by injunction restrain an officer of the State from carrying out the provisions of said act, simply in order that another citizen may thereby have opportunity to make a more favorable contract with him.

2. ——: ——: ——: POSSIBILITY OF INJURY. The mere possibility of injury to plaintiffs, because they may not be able to find insurance companies that will contract with them on satisfactory terms, does not entitle them to an injunction restraining the State Superintendent of Insurance from approving, in obedience to the act of the legislature, a uniform and exclusive policy for fire insurance contracts.

3. ——: ——: ——: ——: CASE STATED. The plaintiffs, repre-
senting various lines of business in St. Louis, asked for an injunction
against the State Superintendent of Insurance, restraining him from
approving, in obedience to an act of the legislature, a uniform policy
of insurance, to be used to the exclusion of all other forms by the
fire insurance companies of the State. They did not charge that he
was about to interfere directly with any contract which they had
made or were intending to make; but they complained that the act
was unconstitutional in that it attempts to delegate legislative powers
to him, and that the *insurance companies* will refuse to issue any other
kind of policy, and hence plaintiffs will not be able to make as favor-
able and satisfactory insurance contracts as they otherwise would.
*Held*, that plaintiffs have no standing in equity to maintain the
suit.

*Appeal from St. Louis City Circuit Court.*—HON.
THOS. A. RUSSELL, Judge.

REVERSED AND REMANDED (*with directions*).

*Fyke, Yates & Fyke* for appellant.

(1) No facts are alleged which show that any
property right of plaintiffs will be in any manner
affected by the threatened action of defendant. More-
over the petition should show a particular injury to
plaintiffs distinct from that which they might suffer in
common with the public. 10 Am. and Eng. Ency. of
Law, 783; *Handman v. Railroad*, 79 Mo. 632; *Seager v.
Kankakee Co.*, 102 Ill. 669. (2) Courts of equity will
not enjoin the acts of executive officers of the govern-
ment within the scope of their authority in a matter
resting within their jurisdiction; nor will State officers
be restrained from enforcing a law of the State merely
upon the grounds of its alleged unconstitutionality.
2 High on Inj. [2 Ed.], sec. 1326, p. 871; *Gibbs v.
Green*, 54 Miss. 593; *Mississippi v. Johnson*, 4 Wall.
475; *Ins. Co. v. Wilder*, 40 Kan. 561. (3) The State
has the right to prescribe the conditions upon which
fire insurance companies may do business in this State;

the State can prescribe what their contracts may or may not contain. *Daggs v. Ins. Co.*, 38 S. W. Rep. 85. (4) Then injunction will not lie because a court of equity will not lend its aid by injunction for the enforcement of right or the prevention of wrong in the abstract, and unconnected with any injury or damage to the person seeking the relief. 1 High on Inj. [2 Ed.], p. 2, sec. 1.

*Orr, Christie, Bates & Bruce* for respondents.

(1) The act of the legislature authorizing the superintendent of the insurance department to approve a form of fire insurance policy for use in the State of Missouri to the exclusion of all other forms, was an attempted delegation of legislative power, and was, therefore, unconstitutional and void. Mo. Const., art. IV, sec. 1; *O'Neil v. Ins. Co.*, 166 Pa. St. 72; *Dowling v. Ins. Co.*, 92 Wis. 63; *Anderson v. Fire Ass. Co.*, 59 Minn. 191; *Locke's Appeal*, 72 Pa. St. 491; *Railroad v. Com'rs*, 1 Ohio St. 88; *Field v. Clark*, 143 U. S. 650. (2) The respondents, being residents and property owners, had such a property interest in the right to contract freely for fire insurance, that they were competent to sue for themselves and for all others similarly situated, to restrain the appellant from so acting in excess of his powers under color of official authority, as to impair, violate or interfere with such right of contract. *People v. Canal Board*, 55 N. Y. 390; *Wood v. Brooklyn*, 14 Barb. 425; 2 High on Inj. [3 Ed.], sec. 1308, p. 1023; *Id.*, sec. 1309, p. 1024; Beach on Public Corp., sec. 631; *Id.*, sec. 631, n. 2; *Newmeyer v. Railroad*, 52 Mo. 81; *Matthis v. Cameron*, 62 Mo. 506; *Ranney v. Bader*, 67 Mo. 476; *Wagner v. Meety*, 69 Mo. 150; *Dennison v. Kansas City*, 95 Mo. 416; *Lilly v.*

*Tobbein*, 103 Mo. 488; *Cummings v. St. Louis*, 90 Mo. 259.

WILLIAMS, J.—Plaintiffs seek an injunction to prevent the Superintendent of the Insurance Department from approving, under the act of March 18, 1895 (Acts 1895, p. 194), a uniform policy of insurance to be used to the exclusion of all other forms, by the fire insurance companies doing business in this State. It is claimed that said act attempts to delegate legislative powers to said Superintendent and is therefore unconstitutional and void.

The petition charges that defendant, who was such Superintendent at the time this suit was begun, was about to approve and promulgate, by authority of said act, a form of policy to be used to the exclusion of all others by the fire insurance companies doing business in Missouri; that when so approved he would forthwith officially advise all such companies, or "indicate to them expressly or by necessary implication, that from and after the first day of January, 1896, it would be unlawful for them and each of them to issue in this State any fire or lightning policy which did not embrace, and in all respects conform to, the said exclusive form which the said Superintendent was so threatening to approve and promulgate." It is alleged that the effect of such action will be to *force, induce* or *enable* such companies to employ said form, to the exclusion of all others, under color of lawful authority or legal requirement, and thus impose upon plaintiffs and all others similarly situated harsh, unfair and unjust conditions in their contracts of insurance and cause them serious and substantial damages.

Plaintiffs are alleged in the petition to be owners of property of great value in the city of St. Louis. Some of them are wholesale merchants who carry large

stocks and are in the habit of keeping the same insured. It is further stated that plaintiffs had been accustomed to make contracts of insurance containing such terms and conditions as their situation demanded, and that they had the right so to do. It is also alleged that the threatened action of defendant will deprive them of that privilege, and prevent them from making contracts of insurance to suit their varying needs and circumstances, in accordance with the rules and requirements of the insurance companies and the valid laws of the State, and that they will thereby be deprived of a valuable property right.

An objection to the introduction of any evidence under this petition was interposed by defendant and overruled. The circuit court granted a perpetual injunction and from that decree defendant has appealed, and renews the point here, that the petition fails to state a cause of action.

The first question for determination is whether plaintiffs have any standing in equity to maintain this suit. They do not charge that defendant was about to interfere *directly* with any contract which they *had* made or *were intending* to make. Their *real* complaint, stripped of all unnecessary matters, is that the above recited act of the legislature is unconstitutional; that, nevertheless, defendant is about to approve a form of policy under it. If he does so, they say, the *insurance companies* will, either under the erroneous belief that such action is binding upon them, or because they prefer to adopt such form, refuse to issue any other kind of policy, and by such *conduct* of the *companies*, under the guise of obedience to said act, plaintiffs may not be able to make contracts of insurance which they otherwise might make. We know of no principle that will authorize a party to contest the validity of a legislative act and enjoin an officer from

carrying out its provisions simply because he fears that another person or corporation may not be willing to make as favorable agreements with him as they might do if said act should first be declared unconstitutional. Yet this seems to be plaintiffs' attitude in this case. Some substantial interest in the matter must be shown by plaintiffs before the courts will enter into an investigation of that question. *State v. Hathaway* 106 Mo. 236. "Injury, material and actual, not fanciful, theoretical or merely possible, must be shown as the necessary or probable results of the action sought to be restrained." *People v. Canal Board*, 55 N. Y. 390.

There is no analogy between *this* case and *Newmeyer v. Railroad*, 52 Mo. 81, cited by respondent and the line of cases similar to that, where it is decided that a taxpayer may restrain the illegal action of county courts, whereby the public burdens, of which he must bear a part, are increased. It will be noted, also, that all the cases, cited by respondents to show that it is a delegation of legislative power to authorize the Superintendent of Insurance to prescribe the terms and conditions to be inserted in such policies, were suits upon actual contracts of insurance; and were not proceedings to prevent *possible* future injury. (*O'Neil v. Ins. Co.*, 166 Pa. St. 72; *Anderson v. Ins. Co.*, 59 Minn. 182; *Dowling v. Ins. Co.*, 92 Wis. 63.) If the act is unconstitutional it can not stand in the way of any contracts plaintiffs may make.

The mere possibility of injury to them because they may be unable to find companies that will contract with them upon satisfactory terms, can not authorize injunctive relief in their behalf.

The action of the circuit court in making the injunction perpetual was erroneous. Judgment reversed and cause remanded with directions to dissolve the injunction and dismiss the bill. All concur.