## No. 11,783.

### NEW ORLEANS CITY & LAKE RAILROAD COMPANY vs. STATE BOARD OF ARBITRATION.

The distinguishing features of the statute are that an investigation may be held
without the consent of all parties:

On application of employers or employés, or the latter's duly authorized agent.

On notification from the Mayor, or a District Judge in the parishes, that a lockout
or strike is seriously threatened.

It devolves upon the board, in the first instance, to pass upon questions of regu-
larity and compliance with the statute vel non, in those steps taken to bring
labor troubles to its notice.

The board is authorized to hear the parties; make inquiry into the causes of
trouble, advise the parties, and keep a record of their decision regarding the
causes of dispute.

They are not bound in all things to decide according to technical rules of law that would possibly determine issues in a court of justice, but they are subject to the terms of the statute under which the board was organized, and they are bound to observe those broad rules of law and equity, without which no board of arbitration and conciliation can make a just decision.

Objections upon grounds of irregularity must be urged before the board, and heard contradictorily with parties concerned, or their duly authorized representatives, prior to application to the courts to correct alleged errors.

Apprehension that the conclusion and decision of the board will be erroneous is not ground for an injunction.

Injunction will not issue for the purpose of controlling the action of public agents acting under legislative authority, unless irreparable injury is evident.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

_Denegre & Denegre_ for Plaintiffs and _Farrar, Jonas & Kruttschnitt_ for Intervenor, both Appellants:

The power of this board of arbitration extends only to controversies between employer and employés. It has no power to entertain complaints made by persons who are not employés, and who have no written authority to represent a majority of employés.

The board of arbitration is not a court, within the meaning of the Constitution, and therefore no _certiorari_ will lie, nor can the supervisory powers granted to the Supreme Court by Art. 90 of the Constitution be invoked.

The articles of the Civil Code and the Code of Practice on the subject of arbitration refer solely to judicial arbitration—that is, to arbitration of some question which is the subject of an existing lawsuit, or may become the subject of a lawsuit, and therefore they have no reference to the arbitration provided by the act of 1894, which is confined solely to questions which can not become the subject of a lawsuit.

The boast of the law is that there is no wrong without a remedy; that the law guarantees, gives or recognizes no right which it can not or will not protect.

There being no remedy in this case, except that by injunction, an injunction should be granted.

Moreover, an injunction is the proper remedy. Art. 296 of the Code of Practice states that "Injunction or prohibition is a mandate obtained from a court by a plaintiff, prohibiting one from doing an act which he contends may be injurious to him, or impair a right which he claims."

"The codal provisions of our practice touching injunctions are broader and more comprehensive than the rules of the Chancery Court." Ernst & Co. vs. Waterworks Co., 39 An. 550.

"It is a settled principle that no inferior tribunal, whether it be a judge, an arbitrator, or other judicial or *quasi*-judicial person, ought to be allowed to proceed in the hearing of a case which such judge or arbitrator is, for any special reason, unfit or incompetent to hear." Beddow vs. Beddow, Law Report, IX, Chancery Division, 93.

*M. J. Cunningham*, Attorney General (*E. Howard McCaleb* and *Paul L. Fourchy*, of Counsel), for Defendants, Appellees:

Act No. 139 of 1894, providing for a State Board of Arbitration, passed under the authority of Article 165 of the Constitution, is a lawful exercise of legislative power.

The board created under said act can not be hampered nor interfered with in its proceedings by a writ of injunction sued out in the Civil District Court before the rendition of its decision or award. 32 An. 222; 33 An. 930.

The mere hearing of a cause, and taking the testimony of witnesses therein, can not work the plaintiff an irreparable injury. 32 An. 1192; 38 An. 127; 35 An. 1075.

The general rules prescribed in the Civil Code, Title XIX, "Arbitration," and the Code of Practice, Art. 441 *et seq.*, must be read into and form a part of the act creating this board. These provisions of the Code prescribe the mode of reviewing the awards of arbitrators and correcting any errors into which they may have fallen. R. C. C. 3129 and 3130.

The contract between employer and employé is a legal obligation, capable of reciprocal enforcement, and should not be taken out of the general rules contained in our Civil Code. Arts. 163 *et seq.*, 2946 *et seq.*

A contract requiring the exercise of skill and industry may be negatively enforced by injunction. Lavine vs. Michel, 35 An. 1121.

A court of equity can not interfere by injunction, for the purpose of controlling the action of public officers constituting inferior *quasi*-judicial tribunals, such as boards and the like, on matters pertaining to their jurisdiction. The proper way to correct

errors in their proceedings is by writ of *certiorari*.   2 High on Injunctions, Sec. 1311, p. 862.

The damages suffered, if any, are classed as *damnum absque injuria.* 2. Waits' Actions and Defences, Sec. 2, p. 115.

A court which has no jurisdiction over a cause *ratione materiæ* can not issue an injunction therein.   36 An. 705.

Argued and submitted April 9, 1895.

Opinion handed down April 22, 1895.

Rehearing refused May 20, 1895.

The opinion of the court was delivered by

BREAUX, J.   The plaintiff appealed from a judgment of the District Court dismissing its injunction by which it seeks to prevent the defendant board from entertaining or considering a controversy over which it insists the defendant has no jurisdiction.

The substantial facts alleged for the injunction were, plaintiff alleges, that the New Orleans Street Railway Employés Union prepared a " memorandum " for its signature, which it declined to sign, for the reason that it would involve a surrender, practically, of the management and control of its property to another organization— the Employés Union.

Plaintiff alleges further that thereupon the New Orleans Railway Union addressed a communication to the State Board of Arbitration, and that another communication was addressed by it to the plaintiff; copies of these communications are part of plaintiff's petition.   The plaintiff also annexes to its petition a copy of a communication addressed by the mayor to the board.

When summoned before the board the plaintiff suggested that it (the board) was without jurisdiction.   Plaintiff's exception to the jurisdiction of the board was overruled.

Here and in the District Court plaintiff interposed the objection that it had no relation with the New Orleans Employés Union, and that it was informed by the chairman of the board that no authority had been given to the New Orleans Street Railway Employés Union to represent its employés.   Plaintiff urges that it could not be called upon to answer the charges of the union, and it avers that it had no differences with its employés and that no strike was threatened.   It

complains that the right it claimed of being heard through counsel was refused by the board.

Plaintiff complains also of the board's refusal to allow it, through its president, to make any objections or explanations of its demands that it (the defendant) ruled that he, the president, should answer questions categorically "yes" or "no," without permission or right to explain or object.

The petition avers that the board proceeded to hear witnesses, and that its decision, if the board is allowed to pronounce a decision, would cause trouble and dissatisfaction among its employés. In a rule to dissolve the injunction the defendant (the Board of Arbitration) alleged that the court was without jurisdiction to interfere with its authority; that the injunction was premature. The defendant controverted all of plaintiff's allegations for an injunction.

The memorandum sent by the union to the plaintiff relates to the operation of plaintiff's railroad lines and proposed that plaintiff shall treat with its employés through the union, and limit to stated hours the day's work; it provides for the opportunity to discuss important changes; it looks to the employment and to the discharge of employés; it has bearing upon questions of discipline, imposes privileges to be accorded to the collectors of the union, and lays down methods for adjusting differences.

In their communication to the State Board of Arbitration the union states that it had submitted a "memorandum," of which the foregoing is a summary, to the different railway companies in New Orleans, which they declined to sign. The union, in general terms, in this communication stated their purpose and asked the board's consideration of the subject matter submitted.

The communication of the mayor to the Board of Arbitration sets forth that he desired to call the board's attention to the strained conditions between employers and employés, and suggested the necessity of investigating the existing differences.

He also directed attention to a controversy between the railway companies and their employés.

The statute under which the defendant board was organized was enacted in compliance with the article of the Constitution which made it the duty of the General Assembly "to pass such laws as may be proper and necessary to decide differences by arbitration."

Under the provisions of the statute it is the function of the Board

of Arbitration to consider the differences between an employer employing more than twenty persons and his employés, upon an application signed by the employer or a majority of the employés, or signed by an agent of a majority of the employés.    The law further provides that the board shall satisfy itself that the agent is authorized to act for the employés, but that it shall keep secret the names of his (the agent's) constituents, the employés.

In either case, on the application of employers or employés, or in the other, *i. e.*, on notification of the mayor of a city or of the District Judge in one of the parishes, it is made the duty of the board to inquire into the causes of the differences, " hear all persons interested appearing before them and advise the respective parties" in order that they may agree upon terms of accommodation.

It is in place here to state that the board is not vested with judicial functions.    It sits as a court of conciliation, with the authority to formulate a decision and to have it recorded.

The petition of plaintiff for the injunction does not present any question of unconstitutionality of the act to provide for a State Board of Arbitration, nor does it assail, as illegal, the defined duties and powers of the board.

But it is urged that the board's authority is to settle a difference or controversy between employers of laborers and their employés, and that it has exceeded that authority by undertaking to settle differences between an employer and a third person or association.

Plaintiff questions the right of the agent to act, and the objections are founded on this point, upon the information received from the chairman, that the board had not received any evidence in writing of the Labor Union's authority to represent plaintiff's employés.

The information, for all we know, may have been entirely correct, but it was not given by the board and can not therefore be made ground for judicial action at this time.

The notice of the mayor regarding the differences between employer and employés had been received by the defendant board in addition to the application of the union, both having the same object in view.

If the former was defective, it may be that the latter was not.

At any rate, whether the former, the application of the union, was supported by the required authorization or not, or the letter of the mayor was not what it should have been, are questions which the

board, in the first place, must decide, and not the court, prior to any action by the board.

If there be a proper defence to the investigation upon these grounds it should be made before the board, and not before the court, prior to any action of the board.

If there was excessive irregularity (not amendable) in the application or notice, or any other obvious error, we would not feel justified in assuming that the board would persist and seek to give them sanction, although properly called to its attention. We must presume that the board, while keeping the law's injunction regarding the names of employés, will not fail to satisfy itself, after objection duly made, that the agent was sufficiently authorized to enable the board to exercise the functions of conciliators.

The argument based upon the assumption that inalienable rights of plaintiff will be set at naught by the board's decision can not have determinative weight at this stage of the controversy.

We must take it for granted (until the contrary is made evident contradictorily with parties concerned), that the Board of Arbitration will act conformably to the laws which we are all required to obey.

Regarding the hearing said to have been denied to the plaintiff by the board, we will not withhold the statement that it is the duty of the board sitting to patiently give a hearing to the disputed causes; to listen to evidence and the timely utterances of the parties in interest or their counsel.

While it can not be for a moment reasonably denied that they should be heard within reasonable limits, injunction is not the remedy to secure the right.

If reviewable, such issues can not thus be divided from the decision the board is authorized to render, and should not be brought up separately for review.

Such a division of issues would not assist in reaching a correct conclusion, nor in bringing any controversy to a close.

The mere apprehension of plaintiff that the determination of the board will be against it is not a ground for injunction.

If that were sufficient for an injunction, nearly always authorities vested with legal discretion, as here, would be impeded at every step, in their endeavor to execute the mandate with which they are entrusted by the State.

We paraphrase from High on Injunction, Vol. 2, Sec. 1311, 3d Ed

Injunction will not issue for the purpose of controlling the action of public officers, such as boards of supervisors, commissioners of highways and the like, unless irreparable injury is shown.

There is certainly no irreparable injury in this case at this time, and it is not too much to hope that there never will be.

The text paraphrased, *supra*, was approvingly referred to in State *ex rel.* Behan, Mayor, *et al.* vs. Judges, 35 An. 1073, 1085, and in other cases in which the matter was discussed.

In fine, if errors of an incidental character are committed by a lawful authority vested with the power (by the Legislature) to investigate and make a finding regarding a dispute, these errors do not of themselves alone have the effect of divesting the authority of its power. The law looks more to the consequence of error than to the error itself.

While it is true that the board can not be held to a compliance with the technical rules by which courts are governed, it is obvious that it should none the less conform with the statute under which it exists, and observe the broad rules of law and equity, without which a decision can not be just.

After a study we lay aside the statute under which this board was organized, and leave the subject persuaded that the Legislature has imposed a most important and delicate duty upon her accredited agents.

The assistance of public opinion, the decision of public conscience, and the sense of right will be on the side of their recommendation and greatly efficient for good, if it be felt that it is the result of patient investigation and impartial ruling.

The object sought by the law giving power in enacting the statute in question enlarges upon consideration. It becomes obvious that the interests involved and sought to be reached through the agency selected (the Board of Arbitration) should be on good terms.

They all, employer and employés, suffer together; one is interested in the welfare of the other; the interest of one can not be depressed without injuriously affecting the interest of the other, and yet despite the ultimate common cause, difficulties may arise in the way of adjustments. It is manifest that the board's attempts to adjust differences will prove permanently successful only to the extent that good faith and kindly feeling prevail to all concerned.

We will not at this time, and in the proceedings by injunction,

56

decide the questions raised, and which have not been passed upon by the board contradictorily with the parties concerned.

It is therefore ordered, adjudged and decreed that the judgment be affirmed.