L. G. KNOWLEN, Respondent, v. LAHR MOTOR SALES COMPANY, a Corporation, Appellant.

(230 N. W. 213.)

Opinion filed March 31, 1930.

*Conmy, Young & Conmy,* for appellant.
*F. O. Hellstrom* and *Hyland & Foster,* for respondent.

BURKE, Ch. J.: This is an action to recover damages for personal injuries received by the plaintiff through the alleged negligence of the driver of one of defendant's trucks in running into and over the plaintiff upon the cross walk on Seventh Street at the intersection of Seventh Street and Main Avenue in the city of Bismarck on the seventh day of January, 1929. Defendant denies all negligence upon the part of said defendant, his agent or employee, and alleges that the plaintiff's injury was occasioned and caused by his own negligence. The defendant further sets up in his answer that the plaintiff's cause of action had been duly settled for the sum of $450. Plaintiff replied, denying that the settlement was a settlement in full, and claiming that whatever settlement was made, was only a partial settlement to enable the plaintiff to take care of his immediate wants.

The jury returned a verdict for the plaintiff upon which judgment was duly entered, and thereafter a motion for judgment notwithstanding the verdict was denied, and, the defendant appeals from the judgment and the order denying judgment notwithstanding the verdict.

There is a conflict in the testimony on the question of whether there was an actual settlement in full for all claims of the plaintiff against the defendant, but it is conceded by all the witnesses that defendant's "exhibit A," the alleged contract of settlement, was signed in blank by defendant on the sixth day of February, 1929, and was filled out and the money paid on the seventh day of February, 1929. It follows as a matter of law that whatever contract was entered into, that is, whether it was a settlement in full or only a payment made to the plaintiff to enable him to pay his doctor and hospital bills and live, was not concluded until the seventh day of February, 1929, and that said agreement was not made within thirty days from the date of plaintiff's injuries, and according to our view the question of the constitutionality of chapter 179, Session Laws of 1917, raised by appellant in his appeal from the order denying the motion for judgment notwithstanding the verdict need not be considered.

Appellant specifies as error the instruction of the trial judge relating to the settlement as follows, to wit:

"That the defense of compromised settlement and release as alleged by defendant herein is an affirmative defense, and that under the reply thereto as made by the plaintiff on this particular issue, the defendant

has the burden of proof to establish to your satisfaction by a fair preponderance of the evidence, that is, by the greater weight of the evidence, that the defendant did in fact make the payment alleged to the plaintiff in the amount alleged in full and complete satisfaction of any claim which the plaintiff there and then had against the defendant, and that the defendant did in truth and in fact release and acquit the defendant of any and all liability because of the injuries received by the plaintiff, if any, and that the said compromise and settlement was made thirty days after the date of such injury, or at a time when the said defendant was under no disability by reason of such injuries."

The latter part of this instruction is clearly wrong. Under this instruction the burden is placed upon the defendant to show that the plaintiff was under no disability by reason of his injury at the time of the settlement. The burden of proving settlement was upon the defendant, but the burden of showing that the plaintiff was under a disability by reason of his injuries at the time was upon the plaintiff. The law was made for the benefit of persons receiving personal injuries and in order to get the benefit of said law they must prove that they come within the law.

The jury might well have found that there was a settlement in full, but that defendant did not prove that such settlement was made at a time when the plaintiff was not suffering from some disability by reason of his injuries, and therefore found a verdict for the plaintiff. The giving of this instruction was prejudicial error.

Appellant specifies as error the following testimony admitted over objections, viz.:

Ques. "How many of these children were living with you and depending on you for support in 1928?"

Mr. Conmy: "Just a moment. Let the record show an objection to that question as wholly immaterial; and further, as improper re-direct examination." The court: "Overruled." Mr. Conmy: "And further as having nothing to do with the proper measure of damages in this lawsuit." The court: "Overruled." Ques. "You may answer." Ans. "Five." Ques. "How old is the oldest child?" Mr. Conmy: "Just a moment. Let the record show an objection to that as improper re-direct examination, and wholly immaterial." The court: "Overruled." This testimony certainly is

not responsive to any issue in the case and it could be offered only for the effect that it would have on the jury. It should have been excluded and it was error to admit it. Ques. "Now as a matter of fact didn't somebody tell you you were cutting the corner there and you ran this man down, and for you to take care of him yourself on account of your carelessness?" Ans. "No." Mr. Conmy? "Let the record show an objection to that as not proper cross-examination, as argumentative, as reciting matter in a question not properly admissible on the stand, and as not offered for any purpose within the issues of this lawsuit." The court: "The question is already answered no sir." "Overruled." This question does not fix any time or place or name any person who told the defendant he was cutting corners, and the objection should have been sustained. The jury might have inferred therefrom that some one saw the defendant cut the corner and told him that he cut the corner, and ran the plaintiff down.

We have carefully considered the other assignments of error and are of the opinion that they are without merit.

The judgment is reversed and a new trial ordered.

CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.