[File No. 6305.]

STATE OF NORTH DAKOTA EX REL. ANTHONY REILLY, Fred Deiters and Martin Binek, Respondents, v. RAY GRESS, Peter J. Kirson, and Nick Reiner, as Members of the School Board of Gladstone School District, No. 2, Appellants.

(256 N. W. 721.)

Opinion filed October 9, 1934.

*J. P. Cain* and *Sullivan, Fleck & Sullivan,* for appellants.

*Murtha & Murtha* (*E. M. Hendrickson* on brief), for respondents.

BURR, Ch. J. The plaintiffs as "citizens and taxpayers of the county of Stark and State of North Dakota" seek to enjoin the defendants who are "the duly elected, qualified and acting members and directors for the school board for Gladstone School District Number Two (2), in the State of North Dakota," from using natural gas for fuel.

The complaint shows: There are two public school houses in the school district, heated from the same heating plant; each school house is occupied during the school year by children and each school requires more than "fifty tons of North Dakota lignite coal per year for use as fuel and for the purpose of heating said buildings;" that each of the buildings employs a janitor; that the school board "in the summer or fall of 1932 considered bids for fuel for the ensuing year, and at said time and place bids for lignite coal and lignite coal products were submitted to said Board, and in addition to such bids "there was also submitted to said School Board at said time, a bid by the Montana-Dakota Power Company, offering to furnish gas for fuel and heating purposes for said school buildings for the year of 1932 and

1933, and said Board at said time and place, after duly considering all of said bids, determined it could heat said school buildings with natural gas at a cost less than that of lignite coal or lignite coal products, and said Board awarded the contract for the heating of said buildings to the Montana-Dakota Power Company and contracted to use natural gas for fuel."

The complaint alleges that the effect of the contract is to violate the law of the state of North Dakota, § 1828 of the Supplement, and acts amendatory thereof, requiring school districts to use lignite coal for fuel purposes under the conditions set forth in the complaint.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The original complaint is dated October 13, 1933, and the demurrer is dated November 8, 1933. An amended complaint, dated December 13, 1933, was served and the parties stipulated on February 20, 1934, to submit the case to the court to determine the constitutionality of said § 1828 of the supplement, otherwise known as chapter 78 of the Laws of 1915, and chapter 241 of the Session Laws of 1933 which purports to amend chapter 78.

By order dated June 19, 1934, the trial court overruled the demurrer, and from this order the defendants appeal specifying as error that the court erred in not finding that chapter 78 of the laws of 1915 (§ 1828 of the Supp.) was unconstitutional and that the court erred in not finding that the provisions of said chapter 78, are broader than the title to said act and therefore in contravention of the statutes of this state. The case submitted involves also the constitutionality of chapter 241 of the Session Laws of 1933; the claim of the defendants being that chapter 241 of the Session Laws of 1933 as it appears in the printed form was not passed by the Senate and that the Governor did not sign the bill passed by the legislature—because neither house passed the bill signed by him.

Thus this court is asked to pass upon the constitutionality of statutes of this state as they appear in the Code, and Session Laws.

Plaintiffs seek to enjoin the defendants from carrying out a contract made with the Montana-Dakota Power Company for the heating of the school houses during the year 1932–33. Clearly this means the school year of 1932–33. The acts sought to be enjoined must have been

completed long before this action was commenced and therefore the issue is moot. It is true the prayer for relief asks that the school board "be permanently enjoined and restrained from using for fuel for said public schoolhouses, gas furnished by the Montana-Dakota Power Company, and be further enjoined and restrained from using as fuel in said public schoolhouses any gas taken from mines or wells within the State of Montana. That they be enjoined and restrained from using for fuel in said public schoolhouses natural gas taken from mines or wells without the boundaries of the State of North Dakota. That said Defendants be enjoined and restrained from using for fuel natural gas of every kind and nature and description regardless of where it is mined or taken," but there is nothing to indicate the school district is using natural gas during the present time or intends to do so hereafter.

The court will not determine so grave a matter as the constitutionality of a statute in a case where it appears clearly that the contract complained of has been completed. This court will not order a writ of injunction where its issuance will be useless or unavailing by reason of events occurring subsequent to the commencement of the proceedings, or where the lapse of time has rendered the relief sought nugatory.

Neither will this court determine a moot question. See State ex rel. Anderson v. Sieg, 63 N. D. 724, 249 N. W. 714.

In the case of California v. San Pablo & T. R. Co. 149 U. S. 308, 314, 37 L. ed. 747, 748, 13 S. Ct. 876, the Supreme Court of the United States said:

"The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court, or in any other case, can enlarge the power, or affect the duty, of the court in this regard."

This position was re-emphasized by the same court in United States

190

v. Hamburg-Amerikanische Packet-fahrt-Actien Gesellschaft, 239 U. S. 466, 60 L. ed. 387, 391, 36 S. Ct. 212.

This court is not permitted to give advisory opinions. It is clear that even if the board exceeded its authority in making the contract for the heating of the buildings during the school year of 1932–33, it is useless, after the expiration of that time, to enjoin the board from making a contract which by the very terms had expired before the injunction was sought.

There being nothing to determine the action is dismissed.

CHRISTIANSON, MOELLRING, NUESSLE and BURKE, JJ., concur.