[File No. 6619.]

CARROLL D. KING and All Other Persons Similarly Situated, Appellants, v. BERTA BAKER, State Auditor in and for the State of North Dakota, Respondent.

(288 N. W. 565, 125 A.L.R. 730.)

Opinion filed October 9, 1939.   Rehearing denied December 1, 1939.

*J. K. Murray* and *Bernard J. Smith*, for appellants.

*George Shafer* and *Robert H. Bosard*, for respondent.

582

*Horace C. Young* and *Halvor L. Halvorson* and *Fred J. Fredrickson,* amici curiæ.

BURKE, J.  In this action the plaintiff, on behalf of himself and all other persons similarly situated, sought an injunction enjoining the defendant State Auditor from collecting the license tax imposed upon dealers in motor vehicle fuels by chapter 170, Laws of North Dakota 1939, upon the ground that said chapter violates the provisions of § 64 of the Constitution of North Dakota.  The defendant interposed a general demurrer to plaintiff's complaint and the parties stipulated that judgment should follow the decision upon the demurrer.  In the district court the demurrer was sustained and judgment dismissing the action granted.  The appeal is both from the order sustaining the demurrer and from the judgment.

In his complaint plaintiff alleges that he is a citizen of the United States and a resident taxpayer and voter of the state of North Dakota; that he is a purchaser of motor vehicle fuel; that chapter 170, Laws of North Dakota 1939, imposes a license tax of 1 cent per gallon upon all motor vehicle fuel sold by dealers in motor vehicle fuel in North Dakota; that said statute provides and contemplates that all dealers in motor vehicle fuels shall add said tax to the sale price of such fuel and require all purchasers thereof to pay the tax to said dealers; that plaintiff has been required by dealers to pay the said license tax of 1 cent per gallon upon all purchases of motor vehicle fuel made by him since July 1, 1939, the date upon which said statute became effective; that the defendant, state auditor, requires all dealers in motor vehicle fuel to pay the license tax imposed by said chapter 170, thereby forcing and requiring all such dealers to force and require all purchasers of motor vehicle fuel in the state of North Dakota, to pay said tax; that the defendant will continue to enforce collection of said tax, and all dealers in motor vehicle fuels will continue to require the plaintiff and all purchasers of motor vehicle fuels to pay said tax; that chapter 170, Laws of North Dakota, 1939, which imposes said tax is null and void in that it violates § 64 of the Constitution of North Dakota by incorporating the provisions of other statutes, by reference to their titles only; that plaintiff has no adequate or speedy remedy at law and that injunctive relief is necessary to prevent a multiplicity of suits.

This is not a taxpayer's action in the ordinary sense. It is a suit to enjoin the collection of a specific tax brought by a plaintiff who asserts he is by law made subject to the tax. In order to maintain an action to enjoin a state officer from enforcing a statute upon the ground that the statute is unconstitutional the plaintiff must show that he has been directly injured, or is immediately threatened with direct injury, by such enforcement. State ex rel. Kaufman v. Davis, 59 N. D. 191, 229 N. W. 105; Lockwood v. Baird, 59 N. D. 713, 231 N. W. 851; Birmingham v. Cheetham, 19 Wash. 657, 54 P. 37; Business Men's League v. Waddill, 143 Mo. 495, 45 S. W. 262, 40 L.R.A. 501; People v. Canal Bd. 55 N. Y. 390; Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205; New Orleans City & L. R. Co. v. State Bd. of Arbitration, 47 La. Ann. 874, 17 So. 418; Oakwood Independent School Dist. v. Liberty Common School Dist. (Tex. Civ. App.) 10 S. W. (2d) 174. As was stated in Birmingham v. Cheetham, 19 Wash. 657, 54 P. 37, supra: "In effect, the appellant simply asks this court to interfere by injunction to restrain the officers of the state from complying with the provisions of an act of the legislature of the state requiring them to perform certain public duties; and this the courts cannot do, in the absence of a showing that the complainant will be pecuniarily and directly injured by the acts complained of."

In People v. Canal Bd. 55 N. Y. 390, supra, it was said: "Injury, material and actual, not fanciful or theoretical, or merely possible, must be shown as the necessary or probable results of the action sought to be restrained."

Plaintiff's claim of injury rests upon his allegation that said chapter 170 "provides and contemplates that all dealers in motor vehicle fuel shall add the tax to the sale price of such fuel and require all purchasers thereof to pay the tax to said dealers." The statute does not so provide and plaintiff's pleading in this respect is a statement of his construction of the operation and actual effect of the act. Since conclusions of law are not admitted by a demurrer (Johnson v. Minneapolis, St. P. & S. Ste. M. R. Co. 54 N. D. 351, 209 N. W. 786; Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co. 49 N D. 1096, 194 N. W. 741) it is necessary for us to consider if the legal effect of said chapter 170 is in fact as plaintiff has alleged it to be.

The language in the statute which imposes the tax reads as follows:

"From April 1, 1939 and until and up to the first day of July, 1941 every 'dealer' in 'motor vehicle fuels,' as defined in initiated measure approved June 30, 1926, and amendments thereto and commonly known as the 'Motor Vehicle Fuel Tax Law' of this state, shall pay in the manner, at the times and to the officer specified in said initiated measure of June 30, 1926, and apart from and in addition to any license tax or other tax now imposed upon or applicable to said motor vehicle fuels under the laws of this state, a license tax of one cent per gallon on all motor vehicle fuels used and sold by such dealer," Laws 1939, chap. 170.

The statute also provides: "All definitions of terms, method of procedure for assessment and collection, provisions for reports by licensed dealers and revocation of licenses, method and procedure for refunds on tax exempt fuel sold or used, and penalties for violation and other general provisions by context applicable hereto now contained and provided in said initiated measure of June 30, 1926, and amendments thereto, shall apply and are hereby made applicable to the special license tax imposed under the terms and provisions of this act;" Laws 1939, chap. 170.

The initiated measure of June 30, 1926, defines "dealer" as: "any person or persons, firm, association or corporation who imports or causes to be imported from any other state or country, any motor vehicle fuel for operating or propelling motor vehicles for use, distribution or sale, in and after the same reaches the State of North Dakota; and also any person or persons, firm, association or corporation who produces, refines, manufactures or compounds any motor vehicle fuel in the State of North Dakota for use, distribution or sale within this state." Section 1, subsec. C.

Section 3 of the initiated measure of June 30, 1926, as amended by chapter 166, Laws 1929, reads as follows: "Every dealer paying such license tax or being liable for the payment thereof, shall be entitled to charge and collect the sum of three cents per gallon, on such motor fuel sold by him, as a part of the selling price thereof."

It is the section last quoted upon which plaintiff must depend for his construction of the statute. This section, however, merely grants permission to dealers to include the amount of the tax for which they are responsible in the sales price of motor vehicle fuel. The dealer is nei-

ther required to pass the tax on, nor is he prohibited from doing so. It is a matter that is left entirely to his option.

. In Federal Land Bank v. De Rochford, recently decided, ante, 382, 287 N. W. 522, we had occasion to consider the nature of the three cent license tax imposed upon dealers in motor vehicle fuel by the 1926 initiated measure and amendments thereto. There the question for decision was whether the State of North Dakota had the right to impose upon a licensed dealer in motor vehicle fuel a license tax of 3 cents per gallon upon motor vehicle fuel sold by such dealer to a Federal Land Bank. In that case we stated: "The tax involved here is a tax imposed on dealers for the privilege of engaging in the business of selling motor vehicle fuel, and the amount of the tax is measured by the number of gallons 'used and sold' by the dealer. It is not a tax upon a Federal Land Bank or upon any function which such Bank is authorized to perform. . . . The only way in which the funds of the Bank may be expended, even indirectly, in the payment of the tax will be if the Bank purchases motor vehicle fuel from a dealer who includes the amount of the tax in the sales price. But if the operating expenses of the Bank are increased because of the imposition of the tax upon a dealer from whom the Bank purchases motor vehicle fuel, that effect is only incidental and remote and cannot be said to be a tax upon the Bank, . . ."

The additional license tax of 1 cent per gallon imposed on dealers in motor vehicle fuel by chapter 170, supra, is identical with the 3 cent tax in all respects that are material here, and upon the reasoning of the court in Federal Land Bank v. De Rochford, supra, it follows that such tax is not a tax upon the plaintiff as a user of motor vehicle fuel. It is true that because of the tax plaintiff presumably will be required to pay a higher price for motor vehicle fuel than if the tax had not been imposed, but this effect is "indirect, incidental and remote." In a loose sense it may be said that most taxes are paid by the consumer. Certainly the cost to the consumer of many commodities has been greatly increased by the imposition of taxes upon manufacturers and merchants, but that fact does not make the consumer legally the payer of those taxes. He buys an article of merchandise for a price fixed by the seller. That price may include an apportionment of a dozen taxes or it may include none. There is no obligation on the buyer's part to pay

the tax and in the event the tax is not paid the tax collecting authority has no power to collect it from him. He clearly is not a payer of the tax in the sense that entitles him to maintain an action to enjoin its collection.

Since our conclusion is that plaintiff has not alleged facts in his complaint sufficient to show that he is being or will be substantially and directly injured by the enforcement of chapter 170, supra, the demurrer was properly sustained. We, therefore, do not consider it proper to pass upon the constitutional questions raised by the complaint. In Olson v. Ross, 39 N. D. 372, 167 N. W. 385, we said: "A constitutional question does not arise merely because it is raised and a decision thereon sought. A party who assails the validity of a statute on constitutional grounds must show that he is prejudiced by the alleged unconstitutional provision, and that a decision on the constitutional question is necessary in order to protect him in the enjoyment of the rights guaranteed to him by the Constitution. 'Courts will not assume to pass upon constitutional questions unless properly before them, and the constitutionality of a statute will not be considered and determined by the courts as a hypothetical question. It is only when a decision on its validity is necessary to the determination of the cause that the same will be made, and not then at the instance of a stranger, but only on the complaint of those with the requisite interest. These principles have been recognized by the Supreme Court of the United States. That tribunal has announced that it rigidly adheres to the rule never to anticipate a question of constitutional law in advance of the necessity of deciding it, never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied, and never to consider the constitutionality of state legislation unless it is imperatively required.' 6 R. C. L. § 74, pp. 76, 77. And where a 'case may be decided on either one of two grounds, and one of these does not involve the constitutionality of a statute, the court will decide it on that ground.' 6 R. C. L. § 75, p. 77."

See also State ex rel. Lenhart v. Hanna, 28 N. D. 583, 149 N. W. 573; State ex rel. Kaufman v. Davis, 59 N. D. 191, 229 N. W. 105; Knowlen v. Lahr Motor Sales Co. 59 N. D. 404, 230 N. W. 213; State ex rel. Reilly v. Gress, 65 N. D. 184, 256 N. W. 721. The order of the

district court sustaining the demurrer and the judgment dismissing the action are affirmed.

NUESSLE, Ch. J., and MORRIS, BURR, and CHRISTIANSON, JJ., concur.