C. G. FRISTAD, Plaintiff and Appellant,

v.

R. H. SHERMAN, H. H. Joos, and Edwin Sailer, as members of the Board of Administration of the State of North Dakota, and Walter Zellmer, as Secretary of the Board of Administration of the State of North Dakota; and the North Dakota Broadcasting Company, Inc., a North Dakota corporation, Defendants and Respondents.

No. 7557.

Supreme Court of North Dakota.

May 8, 1956.

Strutz, Jansonius & Fleck, Bismarck, for appellant.

Leslie R. Burgum, Atty. Gen., Kenneth Moran, Sp. Asst. Atty. Gen., for defendants, members of Board of Administration of State of North Dakota.

Hjellum, Weiss & Nerison, Jamestown, for defendant North Dakota Broadcasting Co., Inc.

GRIMSON, Judge.

This is an action brought by plaintiff against the Board of Administration of the State of North Dakota, and the North Dakota Broadcasting Company, Inc. He seeks to enjoin the Board of Administration from fulfilling the contract made by it with the defendant, North Dakota Broadcasting Company, Inc., for the use of the 18th floor of the capitol building for the erection and operation of a television broadcasting antenna. The plaintiff brings this action in his own name as "a citizen of the United States, a resident of the County of Morton and a member of the Legislative Assembly of the State of North Dakota." A demurrer was entered on behalf of the Board of Administration on the ground that the complaint "did not state facts sufficient to constitute a cause of action." That demurrer seems to have been waived. Both defendants answered denying the illegality of the contract. A temporary injunction was issued upon affidavits. The facts were stipulated and a trial had to the court. The court quashed the injunction and dismissed the action on the grounds that the plaintiff failed to prove any damages. Plaintiff appeals.

The stipulated facts show that the Board of Administration had entered into a contract with the defendant, North Dakota Broadcasting Company, Inc., in which it was agreed that the company could use the top floor (the 18th) of the capitol building for the erection and operation of a suitable television broadcasting antenna for a period of twelve months. All of the materials necessary for this project were furnished by the company and the cost of the building thereof was to be entirely borne by the company. The company agreed to leave all portions of the building used by it in as good condition as when it commenced such operations and agreed to pay $100 per month for the use of such space. This floor of the capitol building had been used only for observation purposes except that for one year prior thereto it had been leased to another broadcasting station for the same purpose as now requested by the defendant company.

It is difficult to determine from a reading of the complaint whether plaintiff intended to bring this action as an individual, as a taxpayer, or in both such capacities. It is, however, unnecessary for us to construe the complaint in this regard, for in whatever capacities plaintiff may have brought the action, he is still not entitled to relief since he has neither alleged nor proved any special interest which would entitle him to relief as an individual nor any damages to taxpayers as a class which would entitle him to relief as a taxpayer.

To entitle the plaintiff as an individual to relief against real or imaginary injury from unauthorized acts of public officers he must show some injury special to himself. "One of the established rules on the subject is that to entitle one to relief against real or imaginary injuries from unauthorized acts of public officials he must bring his case under some acknowledged head of equity jurisdiction and show what special injury he will sustain thereby distinct from that suffered by others." Lewis & Spelling, The Law of Injunction, Sec. 232, p. 464.

That was quoted and approved by this court in Lockwood v. Baird, 59 N.D. 713, 719, 231 N.W. 851, 853, and in City of Fargo v. Sathre, 76 N.D. 341, 351, 36 N.W. 2d 39. See also State v. District Court in and for Cass County, 17 N.D. 285, 115 N.W. 675, 15 L.R.A.,N.S., 331; King v. Baker, 69 N.D. 581, 288 N.W. 565, 125 A.L.R. 730; 28 Am.Jur., Injunctions, 182, p. 370.

The case of McLane v. Scofield, 49 N.D. 384, 191 N.W. 842, was brought to restrain the sheriff from appointing some special deputies and to restrain other county officers from paying the salaries of such deputies. It illustrates the difference between the suit brought as an individual and the suit brought as a taxpayer. In regard to plaintiff's action against the sheriff it was held that his position was that of a private individual who had to show special injury to himself in order to prevail. As regards his suit against the county officers to restrain them from making payments to those deputies he had to show damages to himself as a taxpayer. He made no showing of damages either to himself specially or as a taxpayer and was denied any injunctive relief.

█ As a taxpayer, the plaintiff, to prevail in a suit for injunction to prevent illegal use of county property, must show damages to himself as a taxpayer. The case of Simmons v. Board of Education, 61 N.D. 212, 219, 237 N.W. 700, 703, was brought by a taxpayer to restrain the Board of Education of the City of Crosby from renting the auditorium in the high school building for use for theatrical entertainment. Judge Christianson, in the opinion on that case has well stated the grounds for injunction in such cases as follows:

"The right of action on the part of a taxpayer is founded upon equitable principles, and exists only where the facts shown bring it within some recognized head of equity jurisdiction. 5 McQuillin, Mun.Corp. p. 5315. Two elements are always essential to the existence of a right of action in what is known as a taxpayer's suit, namely: (1) A wrongful act of the municipality; and (2) injury resulting to the complaining taxpayer as a taxpayer. These two must coexist. 5 McQuillin Mun.Corp. p. 5346. A taxpayer's suit does not lie merely to enable a taxpayer to supervise or control the acts of public officers for the taxpayer's own personal advantage even though the acts complained of may be in excess of their authority. In addition to excess or want of authority it must further appear that the threatened act is likely to result in injury to taxpayers and that proper grounds for equitable interference exist. A person who institutes a taxpayer's suit must show that he is entitled to relief in that capacity. In this case no injury to taxpayers has been shown. On the contrary, according to the undisputed evidence, the taxpayers of the defendant school district have been benefited, and will be benefited, by the acts complained of. In these circumstances plaintiff was not entitled to injunctive relief. (Citing cases.)"

This statement is quite applicable to the case at bar. See also Lang v. City of Cavalier, 59 N.D. 75, 228 N.W. 819; Herr v. Rudolf, 75 N.D. 91, 25 N.W.2d 916, 169 A.L.R. 1388, and cases cited.

█ The district court found that the plaintiff in this case did not prove any damage or injury to himself. Neither did he show any damage to himself as a taxpayer. The evidence sustains his findings. The District Court properly dissolved the injunction and dismissed the action.

The judgment of the District Court is affirmed.

BURKE, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.