**UNITED STATES of America,**
**Plaintiff,**

v.

**Joseph H. SHARP, Motor Vehicle Comptroller, State of Mississippi, Defendant.**

**Civ. A. No. 3922.**

United States District Court
S. D. Mississippi,
Jackson Division.

June 11, 1969.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for plaintiff.

Martin McLendon, John E. Stone, Asst. Attys. Gen. of Mississippi, Jackson, Miss., Pascol Townsend, Jr., Drew, Miss., for defendant.

Before GOLDBERG, Circuit Judge, and COX and RUSSELL, District Judges.

DAN M. RUSSELL, Jr., District Judge:

## OPINION

The United States of America filed its complaint against the Motor Vehicle Comptroller of the State of Mississippi seeking to declare invalid the Mississippi privilege tax [1] imposed on gasoline distributors with respect to gasoline purchased since 1946 by the federal government, its agencies, and personnel when used on highways of the State of Mississippi and on government business. In addition to a declaratory judgment, the federal government seeks to restrain the

1. Section 10013-01 et seq., Mississippi Code of 1942, Annotated.

assessment and collection of such taxes and seeks a judgment in an amount equal to all such taxes paid from 1946 to date of judgment, together with interest.[2] The government makes a two pronged attack. First, it contends that as a consumer of such gasoline, it bears the incidence of the tax and is therefore immune from state taxation as historically established by McCulloch v. Maryland, 4 Wheat. (17 U.S.) 316, 4 L.Ed. 579. If in error in this contention, the government claims that, by virtue of Section 10014–01 of the Mississippi Code of 1942, now repealed, and similar earlier statutes, the state has discriminatorily permitted municipalities within its boundaries to obtain a refund of a portion of this tax, while denying a similar right to the federal government. United States v. Dept. of Revenue of State of Ill., 191 F.Supp. 723, and United States v. Clayton, D.C., 250 F.Supp. 827, app.

dism'd 384 U.S. 156, 86 S.Ct. 1379, 16 L.Ed.2d 432.

From April 1, 1946, up to and including the most recent statute, repealed on February 23, 1966 this refund was allowed to municipalities on the tax actually paid on gasoline used solely for municipal purposes in municipally owned vehicles within municipal boundaries, or not more than ten miles beyond such boundaries, and only upon municipal compliance with all the statutory provisions for the application of a refund. The amount of the refund varied through the years, the last statutory amount being in the sum of six cents per gallon.

The defendant denies that the gasoline tax is a consumer tax affording immunity to the government as a purchaser, but says the tax is and always has been a privilege tax levied on gasoline distributors, who store, distribute and sell gasoline to be used on the roads and highways of the State of Mississippi.[3]

---

2. The current tax is in the sum of seven cents per gallon. The total amount claimed as revealed in plaintiff's answers to defendant's interrogatories is in excess of $994,198.44.

3. Section 10013–06 Mississippi Code 1942 (478 Mississippi Laws 1950) provides: Any person engaged in business *as a distributor*, or *who acts as a distributor*, as defined in this act, *shall pay for the privilege of engaging in such business*, or acting as such distributor *an excise tax* equal to and computed as follows:
"(a) Seven cents (7¢) per gallon on all gasoline *stored, sold, distributed*, manufactured, refined, distilled, blended or compounded in this state, *or received in this state for sale, use on the highways, storage, distribution*, use in internal combustion engines, *or for any purpose*."
* * * " Provided that the *tax herein imposed and assessed shall be collected and paid to the State of Mississippi but once* in respect to any gasoline or oil, and the basis for determining the tax liability shall be the correct invoiced gallons, adjusted to 60 degrees F., at the refinery or point of origin of shipment when such shipment is made by tank car or by motor carrier."
* * * "Provided, that whenever a bonded distributor of gasoline or oil has made the report of the receipt or re-

fining of, and paid all excise taxes due on, gasoline or oil received or refined in the state as required by law, and after receipt in this state thereof, sells any of such gasoline or oil to another bonded distributor or dealer, *who is required to make report of his receipts to the motor vehicle comptroller*, the comptroller shall collect from such subsequent *bonded distributor or dealer* the gasoline or oil taxes on all gasoline and oil received by him, even though the taxes may have theretofore been paid on a part or all of such gasoline or oil; and shall allow credit therefor to the original bonded distributor who has paid the taxes thereon on his report or any succeeding monthly report. *The provisions of this paragraph shall extend and apply only* to sales of gasoline and oil, or either, *by a bonded distributor importing such gasoline* and oil, or either, *into the state, or receiving same from a refiner or processor in this state, to another bonded distributor in this state* and to no others; but nothing in this act shall prevent such subsequent bonded distributor from paying the tax to the original bonded distributor at the time of the purchase of any gasoline or oil."
* * * "*Provided that the tax levied by this section may be passed on to the ultimate consumer and such consumer in ascertaining his net income for income tax purposes may* deduct any such taxes he

The defendant also denies that the federal government has been discriminated against by reason of the municipal refund. Among affirmative defenses, defendant alleges plaintiff's failure to comply with administrative procedures provided for in refund statutes; plaintiff's failure to comply with its own statutes and regulations; that plaintiff paid said taxes voluntarily and without protest; that the three year statute of limitations on tax refunds provided in Section 9979.5 of the Mississippi Code of 1942, applies; and that plaintiff, by waiting more than twenty years to file its suit, is guilty of laches.

Since the filing of the suit there have been considerable discovery proceedings, two pre-trial hearings and orders conducted and directed by the managing judge. Prior to a hearing on the merits the parties entered into a lengthy stipulation of facts and submitted briefs, all of which, together with exhibits and oral argument, were heard by a three-judge court as required in actions attacking the constitutionality of a state statute. This Court finds that the dual claim of the federal government must fail.

By stipulation of the parties, excise taxes on gasoline delivered to agencies of the United States, agencies of the state and the general public have been assessed on and paid by distributors to defendant since March 1944 (actually earlier). The tax is calculated on the basis of the number of gallons received by the distributor, less 2% allowance for spillage and evaporation, times the amount of the tax. If a distributor is delinquent in reporting the tax, regardless of how or to whom said gasoline may be utlimately distributed, his bonding company is looked to for payment. Funds realized from the tax have at all times been and are now used exclusively for the construction and maintenance of public roads.

In the light of this history, the Attorney General of the State of Mississippi, and the Comptroller of the United States, in charge of federal fiscal affairs, have consistently found and advised in their official opinions [4] that the legal incidence of the Mississippi gasoline tax is on the vendor rather than on the vendee. The latter has found this true with regard to the gasoline taxing statutes of numerous states, including Mississippi, where the tax is expressly assessed against and collected from bonded distributors.[5] Regulation 107 issued

---

has actually paid, upon proof satisfactory to the income tax administrator during the year from his gross income, provided the total deductions shall not exceed in any one year ten per cent (10%) of the person's net income, and such tax shall be collected in the same manner as heretofore."

4. Opinions of the Attorney General of the State of Mississippi, dated November 18, 1940; June 10, 1944; July 12, 1951; June 10, 1952.

5. Decisions of the Comptroller General of the United States, dated August 23, 1944, covering eight states including Mississippi; March 6, 1942, covering North Dakota in part provides:
"The decision of March 26, 1940, supra, was predicated upon the decision of the Supreme Court of the United States in the case of Panhandle Oil Co. v. Mississippi ex rel. Knox, 277 U.S. 218, [48 S.Ct. 451, 72 L.Ed. 857] to the effect that

the vendor of gasoline sold to the United States was exempt from the payment of a State excise tax measured by the quantity of gasoline sold—as is the North Dakota gasoline tax—upon the theory that the tax fell upon the Federal Government. However, a careful examination of the decision rendered on November 10, 1941, by the Supreme Court of the United States, in the case of State of Alabama v. King and Boozer, 314 U.S. 1, [62 S.Ct. 43] 86 L.Ed. (Adv.Ops.) 3, leaves no room for doubt that a vendor who sells supplies to the United States is not—merely because of the inmunity of the Federal Government from State taxation—exempt from the payment of a State tax such as that imposed by the North Dakota statute here involved unless the legal incidence of the tax is upon the vendee. Moreover, the decision of the Supreme Court of the United States in the case of Federal Land Bank of St. Paul v. Bismarck Lumber Co., [314 U.S. 95, 62 S.Ct.

by the Commissioner of Income Tax of the State of Mississippi as applied to income tax statutes provides that sales, tobacco, amusement, beer and gasoline taxes paid directly to the State of Mississippi are deductible either as taxes or as a part of the cost of merchandise; however, the regulation, as continued, further provides, "When paid by the consumer to the merchant, they constitute a part of the cost of the commodity sold, and are not deductible." Thus, the income tax regulation is consistent with the gasoline statutes in allowing a deduction to the distributor who pays the tax directly to the taxing authority and in not allowing the deduction to the consumer. It is to the tax structure as a whole that the Court looks. United States v. Clayton, D.C., 250 F.Supp. 827, app. dismissed, United States v. Clayton, 384 U.S. 156, 86 S.Ct. 1379. The fact that the federal government has contrived formulas for computing deductions of both gasoline and sales taxes to consumers on their federal income tax returns is immaterial. More in point, although it is more applicable to the discrimination feature, is the fact that the Mississippi sales tax, borne by the vendee, is exempted to the federal government when it is the purchaser.

■ The plaintiff contends that the thrust of its action is not circumscribed by the opinions of the attorney general of the state or of the comptroller general of the United States, or the language of the statute, or even by state court interpretations, but cite from United States v. Department of Revenue, 191 F.Supp. 723, the following: "The particular name which a state legislature may give to a money payment commanded by a statute is not controlling when its constitutionality is in question." We do not quarrel with the contention that a statute's practical operation and effect determines where the legal incidence of the tax falls. We simply agree that the tax burden in the Mississippi statute falls plainly and squarely on the distributor to whom the state looks for the payment of the tax, albeit the amount of the tax may ultimately be borne by the vendee, in this case the federal government. In addition to the above authorities, the Supreme Court of the United States has likewise spoken. In United States v. Boyd, 378 U.S. 39, 84 S.Ct. 1518, 12 L. Ed.2d 713, the Court said: "The Constitution immunizes the United States and its property from taxation by the states, McCulloch v. Maryland, 4 Wheat 316, 4 L.Ed. 579, but it does not forbid a tax whose legal incidence is upon a contractor doing business with the United States, even though the economic burden of the tax, by contract or otherwise, in ultimately borne by the United States." Gasoline stored in private storage facilities in Tennessee without title passing to any entity other than the United States, and to be used in aircraft only, constituted the controlling facts on which the Court in Esso Standard Oil v. Evans and United States v. Evans, 345 U.S. 495, 73 S.Ct. 800, 802, 97 L.Ed. 1174 said: "This tax was imposed because Esso stored gasoline. * * * Federal ownership of the fuel will not immunize such a private contractor from the tax on the storage." Although the gasoline was wholly owned by the United States and not used on any highway, the liability for the tax accrued by virtue of the temporary storage of the gasoline

1] 86 L.Ed. (Adv.Ops.) 65, is direct authority for the proposition that the determination of the highest court of a State is controlling upon the question as to whether the legal incidence of a tax imposed by a law of that State is upon the vendor or the vendee. And the Supreme Court of North Dakota has held that the legal incidence of the tax imposed by the terms of North Dakota Laws 1929, chapter 166, as amended, is upon the vendor and not the vendee. King v. Baker, 69 N.D. 581 [288 N.W. 565, 125 A.L.R. 730]. Such being the legal incidence of the tax it is not to be regarded as being passed on, as such, to the purchaser merely because the price to the purchaser is increased because of the tax. Cf. Lash's Products Co. v. United States, 278 U.S. 175, [49 S.Ct. 100, 73 L.Ed. 251] etc."

in the hands of a distributor. Hence we find that Mississippi's gasoline tax is not such a tax to afford immunity to the plaintiff, except when it has received specific exemptions such as for gasoline used by the armed forces of the United States. As stipulated, this exemption has been in effect throughout the period of this claim and is now in effect by Section 10013–39 of the Mississippi statutes.

Aside from the exemption to the armed forces for the full amount of the tax at the rate of 7 cents per gallon, other stipulated facts bear on the plaintiff's charge of discrimination. The gas tax statutes do not and never have contained any provision authorizing refunds of taxes, paid by distributors, to the United States, the State of Mississippi or any county thereof on gasoline used in propelling motor vehicles on the highways of the State, even if such gasoline was used for governmental purposes.

However, the refund provisions with respect to *non-highway use* have been liberally allowed to all governmental agencies, state and federal. The statutes made provision for refund of gasoline taxes to municipalities during the period April 1, 1946, to February 23, 1966, but made no provision for a tax exemption to municipalities during that time, nor do they now. Simply put, the exemption to the armed forces is for the full 7 cents per gallon tax; the refund to the municipalities was 1 cent per gallon less than the tax actually paid, or as per last enactment, a refund of 6 cents per gallon. The city was taxed as a distributor, and a refund given upon proper application therefor and on only gas used within the municipality (later within ten miles of the boundaries), and for municipal purposes.

Defendant maintains that plaintiff and its agencies may similarly claim a refund for gasoline used in its parks, enclaves, and other places not including highways of the state and by filing proper application therefor. This to the Court is comparable to the refund allowed municipalities and not discriminatory.

It was further stipulated that plaintiff has never filed a claim on gasoline used in vehicles and places other than state highways which has not been processed and paid, and until the institution of this suit there were no pending unpaid claims.

■ Accordingly, on the finding that the tax is exempted to the military, the fact that the refund accorded municipalities, which has now been repealed, was equally available to the government for gasoline used within its own enclaves, and the fact that, for general highway use, defendant offers no exemptions or refunds to its own agencies, as well as none to the government (except for military use), the Court concludes that the tax or refund statutes were not discriminatory as to the federal government. See Phillips Chemical Co. v. Dumas School District, 361 U.S. 376, 80 S.Ct. 474, 4 L.Ed.2d 384; United States v. Clayton, D.C., 250 F.Supp. 827, app. dismissed, 384 U.S. 156, 86 S.Ct. 1379, 16 L.Ed.2d 432.

In sum, the Court finds as a fact that the tax in suit at all times was levied and assessed against and collected by the State of Mississippi from a gasoline distributor, duly qualified under its laws, and never collected any such tax in suit (directly or indirectly) from the United States or any of its agencies; and that the defendant never discriminated against the plaintiff in any manner in its administration of said privilege or excise tax law, according to the undisputed evidence and testimony in this case. The Court concludes as a matter of law that the plaintiff has failed to show by a preponderance of the evidence in this case that it has paid any privilege tax to the State of Mississippi on gasoline as a distributor during the period in suit; and the evidence does not show that the plaintiff ever paid the State of Mississippi anything as a tax on gasoline at any time in suit in violation of its sovereign immunity doctrine; and the evidence shows as a matter of law that there has been no discrimination

against the United States in the administration of this privilege tax statute against distributors of gasoline in Mississippi; and that the complaint of the plaintiff in its entirety is without merit and should be dismissed without the assessment of any costs.

An order accordingly may be presented to any judge of this Court.