BLUE, J.
 

 The question presented in this case is whether a purchaser of petroleum products is a “taxpayer” statutorily authorized to appeal an assessment of Connecticut’s sale of petroleum products gross earnings tax (petroleum sales tax) by General Statutes § 12-597.
 
 [1]
 
 For the reasons set forth below, I conclude that the answer to this question is no.
 

 
 *410
 
 The issue just described arises on a motion to dismiss a pro se complaint. For purposes of this decision, the allegations in the complaint will be assumed to be true. The plaintiff is a purchaser of a petroleum product known as number two heating oil. He purchases his oil from Frederick Mott. Mott, who is not a party to the action, pays the petroleum sales tax on the oil that he sells to the plaintiff. This tax, itemized as a separate charge, is passed on to the purchaser. The plaintiff has paid these charges. The gist of his complaint is that the oil that he is purchasing is, in fact, tax exempt pursuant to General Statutes § 12-587 (a) (4) (A). There is no suggestion that Mott himself is charging the plaintiff unfairly. The complaint, rather, is that the defendant, Gene Gavin, commissioner of revenue services (commissioner), is unfairly imposing the petroleum sales tax on Mott and that Mott has no choice but to pass it on to the plaintiff.
 

 The problem that must initially be addressed is whether this court has subject matter jurisdiction to consider the plaintiffs complaint. The problem boils down to this. The sole jurisdictional basis that the plaintiff asserts for his complaint is § 12-597. An appeal under § 12-597, however, may only be taken by a taxpayer. The commissioner contends that the plaintiff is not a taxpayer, within the meaning of the statute. This contention is correct.
 

 In order to analyze this issue, it is necessary to consider the nature of the petroleum sales tax. The petroleum sales tax imposes “a gross earnings tax as part of
 
 *411
 
 the operating overhead costs of Connecticut producers and distributors of petroleum products.”
 
 Texaco Refining & Marketing Co.
 
 v.
 
 Commissioner of Revenue Services,
 
 202 Conn. 583, 596, 522 A.2d 771 (1987). Section 12-587 (b) provides in relevant part that “[a]ny company which is engaged in the refining or distribution, or both, of petroleum products and which distributes such products in this state shall pay a quarterly tax at the rate of five per cent of its gross earnings derived from the sale of petroleum products within this state.” The tax is thus imposed on
 
 sellers
 
 of petroleum products. It is not imposed on purchasers of those products.
 

 In enacting the petroleum sales tax, the legislature underlined its intention with an explicit statement of purpose. General Statutes § 12-599 (a) provides that “[i]t is not the intention of the general assembly that the [petroleum sales tax] be construed as a tax upon purchasers of petroleum products, but that such tax be levied upon and be collectible from petroleum companies . . . and that such tax shall constitute a part of the operating overhead of such companies.”
 

 Section 12-597, as mentioned, authorizes certain appeals of petroleum sales tax determinations to be made by taxpayers. Taxpayer is not a statutorily defined term. Its dictionary meaning is “one that pays or is liable to pay a tax.” Webster’s Third New International Dictionary. It logically follows from this common sense definition that a taxpayer for purposes of the petroleum sales tax is a seller of petroleum products that pays or is liable to pay the tax. The purchaser is not a taxpayer.
 

 The plaintiff responds to this analysis by citing the laws of economics. It is not realistic, he points out, to expect sellers of petroleum products to simply absorb the tax. Section 12-599 (b), which on its face requires petroleum companies to do just that, has been judicially invalidated.
 
 Mobil Oil Corp.
 
 v.
 
 Dubno,
 
 492 F. Sup. 1004
 
 *412
 
 (D. Conn. 1980), appeal dismissed, 639 F.2d 919 (2d Cir.), cert. denied, 452 U.S. 967, 101 S. Ct. 3122, 69 L. Ed. 2d 980 (1981). In practice, the ultimate burden of the tax is passed on to the purchaser. This, however, does not alter the fact that for
 
 statutory
 
 purposes the taxpayer and the purchaser are two different persons.
 

 In a case involving a somewhat analogous set of facts, the Supreme Court of North Dakota explained this distinction: “In a loose sense it may be said that most taxes are paid by the consumer. Certainly the cost to the consumer of many commodities has been greatly increased by the imposition of taxes upon manufacturers and merchants, but that fact does not make the consumer legally the payer of those taxes. He buys an article of merchandise for a price fixed by the seller. That price may include an apportionment of a dozen taxes or it may include none. There is no obligation on the buyer’s part to pay the tax and in the event the tax is not paid the tax collecting authority has no power to collect it from him. He clearly is not a payer of the tax in the sense that entitles him to maintain an action to enjoin its collection.”
 
 King
 
 v.
 
 Baker,
 
 69 N.D. 581, 585-86, 288 N.W. 565 (1939). I agree with this analysis.
 

 Because the judicial task here is to construe a term used in a tax statute, the use of the same term in other statutes implementing the same tax is significant. Statutes implementing the same tax are in pari materia and should be construed together to carry out the intent of the legislature. See
 
 Tax Commissioner
 
 v.
 
 Estate of Bissell,
 
 173 Conn. 232, 245-46, 377 A.2d 305 (1977). The term taxpayer is used a number of times in statutes implementing the petroleum sales tax. In General Statutes § 12-593, dealing with deficiency assessments and related penalties, the term taxpayer is used repeatedly in reference to a person who has filed a return. Returns are required to be filed by certain refiners and distribu
 
 *413
 
 tors of petroleum products. General Statutes § 12-587 (b). There is no requirement that returns be filed by purchasers.
 

 The term taxpayer is also used repeatedly in General Statutes § 12-595, setting forth provisions for administrative hearings concerning the petroleum sales tax. These hearings are available only to taxpayers. The final sentence of § 12-595 allows the commissioner to order a hearing on his own initiative “at any time within three years after the date when any return of any taxpayer has been due. . . .” Once again, this use makes it clear that a taxpayer is a person required to file a return. The term does not encompass purchasers.
 

 “Appeals to courts from administrative agencies exist only under statutory authority. ... A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.” (Citations omitted.)
 
 Norwich Land Co.
 
 v.
 
 Public Utilities Commission,
 
 170 Conn. 1, 6, 363 A.2d 1386 (1975). Because the plaintiff is not a taxpayer, the court has no statutory authority to hear his appeal.
 

 The motion to dismiss is granted.
 

 [1]
 

 General Statutes § 12-597 provides that: “Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services made in relation to the tax imposed under section 12-587 may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain, which shall be accompanied by a citation to said commissioner to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and serviced and returned in the same manner as is required in case of a summons in a civil action. The authority issuing the citation shall take from the appellant a bond or recognizance to the state of Connecticut with surety to prosecute the appeal
 
 *410
 
 to effect and to comply with the orders and decrees of the court in the premises. Such appeals shall be preferred cases, to be heard, unless cause appears to the contrary, at the first session, by the court or by a committee appointed by it. If the appeal has been taken without probable cause, the court may tax double or triple costs, as the case demands and upon all such appeals which may be denied, costs may be taxed against the appellant at the discretion of the court, but no costs shall be taxed against the state.”