STATE OF NORTH DAKOTA EX REL. ULANDER, et al., Petitioners, v. COUNTY COMMISSIONERS and County Auditors, respectively, of Burke and Renville Counties, Respondents.

(190 N. W. 549.)

**Counties — each petition for transfer of township in one county to another to be considered by itself.**

　　1. In three separate applications for original writs of mandamus to compel county commissioners to meet and county commissioners and county auditors

---

Note.—On creation, alteration and division of counties, see 7 R. C. L. 928; 2 R. C. L. Supp. 476.

to submit to the voters, pursuant to three separate petitions, respectively, presented to them, the questions of forming a proposed Lake county out of Burke county, eighteen townships in Renville county, and seven townships in Ward county; and, also, the question of withdrawing six townships from Renville county, which now contains only twenty-four townships, and adding the same to Ward county, it is *held*,

That each petition must be considered by itself and that there is no presumption that the subscribers to one petition consented to the request contained in another.

**Mandamus — will not issue to require county commissioners to withdraw townships from county in violation of Constitution.**

2. That the petition requesting the withdrawal of six townships from Renville county which contains only twenty-four townships, violates the constitutional requirement, § 167, Const., and mandamus will not issue to compel an idle act.

**Counties — commissioners not required to submit question of formation of new county, where withdrawal of townships from other county will violate Constitution.**

3. That the petition requesting the withdrawal of eighteen townships in Renville county composed of twenty-four townships, and the incorporation of the same in the proposed Lake county, likewise, violates the constitutional requirement.

**Mandamus — not issued for performance of idle act.**

4. That the submission to the voters in Burke county of the question of forming the proposed Lake county would be an idle act for which the writ of mandamus will not issue.

**Applicability of statute to merger and destruction of counties doubtful.**

5. That it is doubtful whether § 3205, Comp. Laws 1913, and article 3, of which it forms a part, apply to the merger and destruction of existing counties and the creation of a new county composed of the territory in whole or in part of such counties to be destroyed.

Opinion filed October 31, 1922.

Counties, 15 C. J. § 22 p. 401 n. 1 New; § 23 p. 402 n. 6 New; § 24 p. 402 n. 22 New. Mandamus, 38 C. J. § 23 p. 551 n. 18; § 29 p. 556 n. 54.

Three applications for original writs upon three orders to show cause issued thereupon.

Applications denied.

*George A. Bangs,* for petitioners.

*Fisk, Murphy & Nash,* for respondents of Burke county.

*Bosard & Twiford* and *Percy S. Crewe,* State's attorney, for respondents of Renville county.

PER CURIAM. Petitioners have presented three applications for the issuance of original writs of mandamus. This court granted three orders to show cause thereupon; respondents have appeared and through demurrers, motions to quash, and returns filed against the petitions seek dismissal of the orders.

The first petition alleges: That, on Sept. 6th, 1922, a petition was presented to the county commissioners of Renville county requesting that the question of detaching six townships from the county and transferring same to Ward county be submitted to the voters at the general election on Nov. 7th, 1922; that, on Sept. 6th, 1922, there was presented also a petition to such county commissioners for the formation of a new county to be called Lake county consisting of Burke county, and Renville county, minus the six townships mentioned, and seven townships in Ward county, to be submitted to the voters at said election; that, on Oct. 3d, 1922, the board granted such petition, but on Oct. 4th, 1922, rescinded this previous action upon the ground that the board was without authority at law for the reason that the transfer of such townships would reduce the county of Renville to less than the constitutional limit.

The second petition alleges: That, on Sept. 6th, 1922, a petition was presented to the county commissioners of Renville county, requesting the formation of a new county, to be named Lake county, consisting of seven townships in Ward county and all of the counties of Burke and Renville excepting the six townships above mentioned, and demanding the submission of the question to the voters at the general election on Nov. 7th, 1922; that, on Oct. 3d, 1922, the commissioners granted said petition, but on Oct. 4th, 1922, rescinded its action upon the ground that such petition is not provided for by law and that its action in granting such petition was void.

The third petition alleges: That on Oct. 3d, 1922, a petition was presented to the county commissioners of Burke county likewise requesting the submission of the question of forming a new Lake county to the voters at the general election on Nov. 7th, 1922; that such petition was signed by a majority of the legal voters in the county; that, through the activity of the commissioners, withdrawals of signatures were procured to the extent of some 500 signers upon the petition so as to reduce the number of signers thereon below a majority of the legal voters of

the county; that the county commissioners delayed action until such withdrawals were procured and on Oct. 4th, 1922, denied the petition for the reason that it did not contain a majority of the legal voters of: Burke county.

In the petitions, it is also made to appear that the subject-matter contained in the request of each of such petitions was likewise presented to the county commissioners of Ward county and favorable action secured thereupon; that a petition was also presented to such county commissioners of Ward county requesting the withdrawal of seven townships in Ward county, in the so-termed "Goose Neck" territory, and incorporating the same in the proposed Lake county; that such county commissioners took favorable action thereupon. The first and second petitions request the original writ of this court to compel the county commissioners of Renville county to meet and such county commissioners and county auditor to submit to the voters of the county the question of the transfer of the townships from Renville county to Ward county, and the question of the proposed Lake county. The third petition requests the original writ of this court to compel the county commissioners of Burke county to meet and such county commissioners and the county auditor to submit to the voters of such county the question of the proposed Lake county.

In the application, arguments and submission thereof, before this court, these three petitions have been presented together.

*First petition*: Section 3199, Comp. Laws, 1913, provides that a majority of the legal voters residing in any territory may petition the county commissioners and also the county commissioners of the county to which they desire such territory to be transferred, for leave to have such territory transferred to such county and thereupon the county commissioners so petitioned shall order an election for such purpose in their respective counties to be held at, and in connection with, the next general election, provided such petition shall be presented to the several boards of county commissioners at least sixty days before such general election.

Section 167, N. D. Const., provides that no organized county shall be reduced so as to include an area of less than twenty-four congressional townships. It is manifest that the first petition, considered by itself, would reduce Renville county from twenty-four townships to eighteen.

townships. In order to give any basis for which a withdrawal might be had under § 3199, there necessarily had to exist, as a constitutional prerequisite, the existence of a county containing more than twenty-four townships. The fact that under some other statutory provision action was contemplated which might merge the county affected into some other county did not give validity to a petition which, on its face, violated the constitutional provision. We are clearly of the opinion that each petition must stand and be considered by itself. It may not be presumed that the subscribers to one petition consented to, or joined in, the request made in the other petitions. On its face this petition was illegal. It is fundamental that mandamus will not lie to compel the performance of an idle act.

*Second petition:* Section 3205, Comp. Laws 1913, provides that whenever it is desired to form a new county out of one or more of the then existing counties, and a petition praying for the formation of such new county, describing the territory proposed to be taken, signed by a majority of the legal voters residing in the territory to be stricken from such county or counties shall be presented to the county commissioners of each county to be affected thereby and, if it appear that such new county can be constitutionally formed, it shall be the duty of the county commissioners to provide for the submission of the question to the voters, etc. This petition, on its face, proposed to reduce Renville county from twenty-four townships to six townships. Although provision was otherwise made in the first petition to annex these six townships to another county, nevertheless, this petition, pursuant to the request of its subscribers, violated the constitutional requirement.

*Third petition:* For the reasons stated in the consideration of the application for the first and second petitions it is apparent that it would be a mere idle act for the county commissioners of Burke county to submit the question of forming the proposed Lake county. Mandamus, accordingly, will not issue upon the third petition. Each of the orders to show cause, accordingly, are dismissed.

BIRDZELL, Ch. J., and BRONSON, ROBINSON, CHRISTIANSON, and NUESSLE, JJ., concur.

GRACE, J., disqualified, did not participate, NUESSLE, District Judge, sitting in his stead.