[File No. 6167.]

STATE OF NORTH DAKOTA, EX REL. PAUL ANDERSON, W. H. Williams, and Charles Adamson, Appellants, v: HENRY L. SIEG, Individually and as Mayor of the City of Grafton; Frank Votava, Hans Hanson, Eddie Mattson, Wm. Brintnell, G. W. McIntyre, Jr., Hugo J. Kutz, H. G. Homme and S. S. Westgate, Individually and as Members of the City Council of Said City, and L. Mauritson, Individually and as Auditor of Said City, Respondents.

(249 N. W. 714.)

Opinion filed June 24, 1933. Rehearing denied August 1, 1933.

*Albert Lundberg,* for appellants.

*W. T. DePuy,* for respondents.

Burr, J. Petitions for the recall of the mayor, and two aldermen of the City of Grafton were filed with the city auditor on or before February 27, 1933; the city auditor certified that he found such petitions sufficient; and on March 4 the council called an election to be held on April 3—all the proceedings being had under the provisions of § 3835 of the supplement.

In the meantime "An Act to repeal § 3835 of the Compiled Laws of 1913 as amended by chapter 81 of the 1919 Session Laws and as amended by chapter 173 of the 1923 Session Laws of the State of North Dakota relating to the recall of elective officials in cities operating under commission form of government" was passed by the legislature of this state and approved March 9. This act contains an emergency clause and went into effect immediately.

On March 16, the city council, believing it "no longer legally possible to hold said elections on said date or on any other date," cancelled the order fixing the date for the election.

Petitioners, on March 21, applied to the district court for a writ of mandamus to compel the city council "to take all necessary steps to call and hold the aforesaid elections pursuant to said petitions as originally intended and provided for, viz.: April 3, 1933, and that the same be held in the manner provided by law at such time."

The district court refused the writ, determining that section 3835

of the supplement had been repealed and thus no election could be held as demanded.

On March 27 the petitioners appealed from the order denying the peremptory writ, specifying "that the court erred; (a) in holding that the statutes in question had been repealed, and (b) in holding that such repeal (assuming that there was one) would affect the issues here involved."

Petitioners asked to have the election held April 3, 1933 as ordered, believing the statute involved had not been repealed.

This statement of facts in chronological order is sufficient to show that the question submitted is moot.

The statute requires at least ten days' notice of the election to be given by publication. Without this notice no election may be held. No notice of election was given. There was not sufficient time after the appeal to hold the election on the date named, hence, at the time of appeal it was useless to command the city council to give notice of election to be held on April 3rd.

Petitioners say that the date demanded can be disregarded and the council compelled to hold an election at some later date. However, the date set for the election must be "not less than thirty nor more than forty days from the date of the auditor's certificate to the city council—that a sufficient petition is filed." This time has long since expired.

Petitioners say that, for the future guidance of electors in cities governed by a mayor and council, this court should determine the question of whether § 3835 of the Supplement is repealed in toto.

This court is not permitted to give advisory opinions and has consistently declined to decide moot questions, or require the issuance of a writ "where its issuance would be useless or unavailing by reason of events occurring subsequent to the commencement of the proceedings; or where the lapse of time has rendered the relief sought nugatory, or where the writ cannot be enforced." State ex rel. Davis v. Willis, 19 N. D. 209, 124 N. W. 706; Miller v. Stenseth, 39 N. D. 257, 167 N. W. 753; State ex rel. Ulander v. Burke & Renville Counties, 49 N. D. 151, 155, 190 N. W. 549. See notes in 5 Ann. Cas. 626, and Ann. Cas. 1912C, 247; 5 C. J, 551.

We do not say that under no circumstances will this court deter-

mine a moot question. North Dakota Wheat Growers' Asso. v. Moore, 52 N. D. 905, 204 N. W. 834, we set forth under what circumstances a moot question may be determined. We do not consider that this case comes within any of the classes mentioned therein. The questions involved are not "of so great public interest," nor are "the real merits of the controversy still so unsettled that we can and will consider the question involved," as set forth in State ex rel. Dakota Trust Co. v. Stutsman, 24 N. D. 68, 77, 139 N. W. 83, Ann. Cas. 1914D, 776. Public policy does not demand an authoritative determination of the question involved.

The appeal is dismissed.

NUESSLE, Ch. J., and CHRISTIANSON, BIRDZELL and BURKE, JJ., concur.