Oswald GOETZ, Plaintiff and Respondent,

v.

Tony GUNSCH, Defendant and Respondent, and

Dan Gunsch and John Gunsch, Garnishees and Appellants.

No. 7685.

Supreme Court of North Dakota.

Oct. 14, 1957.

Rehearing Denied Nov. 15, 1957.

J. K. Murray, Bismarck, for appellants.

Floyd B. Sperry, Golden Valley, for respondents.

GRIMSON, Chief Justice.

This is a continuation of the so-called Gunsch litigation. In 1954, Dan and John Gunsch began an action against Tony Gunsch for the purpose of quieting title to some real estate in Mercer County. Tony Gunsch answered claiming ownership of said land and counterclaimed for the use of the land and the conversion of the crops thereof and appropriation of personal property. When the case was tried the court found against the plaintiffs and awarded Tony a judgment for $1,156 on his counterclaim. On appeal to this court that judgment was affirmed and the case remanded for further evidence, on Tony's claims. See Gunsch v. Gunsch, N.D., 67 N.W.2d 311. Upon that hearing Tony was awarded a further judgment on his counterclaim in the sum of $3,180 on Nov. 23, 1955. See N.D., 73 N.W.2d 345. On Feb. 10, 1955, the plaintiff who is a brother-in-law of Dan, John and Tony Gunsch commenced this action on a claim for $13,715 which Dan and John claimed to have paid out for Tony on the land deal and for grain stored in Tony's name. These claims were assigned by Dan and John to plaintiff.

As a part of this last action a garnishment proceeding, based on the affidavit of J. K. Murray, plaintiff's attorney, was commenced against Dan and John Gunsch as garnishees. Service of the garnishment summons was duly admitted Feb. 16, 1955, and the garnishees personally answered admitting liability at that time in the sum of $1,156, the amount of the first judgment. Then a judgment was granted to the plaintiff by default in the sum of $5,699.48 but no action was taken on the garnishment proceedings. On appeal to this court that judgment was vacated Dec. 19, 1956. See N.D., 80 N.W.2d 548. The record does not show that the case has ever been tried.

The garnishees by other attorneys, Strutz, Jansonius and Fleck, amended their answer in the garnishment proceedings on Oct. 2, 1956, denying liability but admitting the two judgments owing Tony Gunsch. At the same time the garnishees made application to the district court of Burleigh County for a stay of execution upon the two judgments in Mercer County and of a levy under such execution. Judge Thom of the district court in Burleigh County, on Oct. 4th, issued an "order to show cause on Oct. 15th, 1956, why the court should not make an order staying any levy under the execution on said two judgments * * * and until final decision a levy by the sheriff was stayed." That order was served upon the defendant, Tony Gunsch, his guardian, and the sheriff of Mercer County.

Upon the hearing of said order to show cause, Floyd B. Sperry appeared for the defendant and his guardian and Clifford Jansonius appeared for the garnishees. After due consideration the court issued an order on Dec. 5, 1956, denying the petition and quashing the temporary stay. The attorneys for the garnishees appealed from that order. Thereafter they withdrew from the case.

On the arguments in this court on that appeal defendant and respondent made a motion to dismiss the appeal on the ground that the question involved therein had become moot. He claims that an exe-

cution on these judgments had been issued prior to the making of this application but that no levy had been made thereunder; that after the denial of this application by the district court the judgments were voluntarily paid and satisfied. Plaintiff's attorney now appears for the garnishees and claims that the execution was actually issued after the appeal was taken and payment enforced against the protest of the garnishees

 This is an appeal from an order denying an application for a stay of execution upon two judgments. Since that time both judgments have been paid. There is nothing before this court, therefore, upon which to base an order for such a stay. The issue raised upon the appeal has, therefore, become moot. It is of no avail now to enjoin an execution or levy under those judgments, nor could the original status regarding these judgments be restored in this proceeding.

It is well settled that ordinarily an appeal will be dismissed if the question presented by it has become moot or academic. The courts will not by injunction try to prevent that which has already been done. State ex rel. Anderson v. Sieg, 63 N.D. 724, 249 N.W. 714; Heinemeyer v. Mercer County, 52 N.D. 720, 204 N.W. 182; Thompson v. Vold, 38 N.D. 569, 165 N.W. 1076; Brace v. Steele County, 77 N.D. 276, 282, 42 N.W.2d 672 and cases cited.

It will not be necessary, therefore, to consider the other questions raised on appeal.

The motion to dismiss this appeal is granted.

MORRIS, SATHRE, JOHNSON and BURKE, JJ., concur.