Roy H. HUMPHREY, Plaintiff-Appellant,

v.

Juanita A. HUMPHREY (now Juanita A. Gallagher), Defendant-Appellant.

No. 31205.

St. Louis Court of Appeals.

Missouri.

Nov. 20, 1962.

Milton F. Napier, St. Louis, for plaintiff-appellant.

None for defendant-appellant.

DOERNER, Commissioner.

This is an appeal from a judgment denying a joint motion to modify a decree of divorce. A unique situation is presented in that both parties are appellants, each having appealed when their joint motion was denied. The case was briefed and argued by counsel on behalf of the plaintiff husband. Defendant wife did not appear in person or by counsel, but orally informed our clerk that she was not opposing plaintiff's appeal.

The underlying action for divorce was instituted by the plaintiff on May 17, 1960. Defendant filed an entry of appearance but no responsive pleading, and did not contest the suit. After a default and inquiry had been granted, plaintiff was awarded a decree on August 1, 1960. By its terms plaintiff was given custody of Kathleen Gwendolyn, then three years of age, and Kimberly Ann, then one year old, the children of the parties, and defendant was accorded a limited right of temporary custody on alternate Sundays. The decree had scarcely become final when defendant, on November 2, 1960, filed a motion to modify in which she alleged that conditions surrounding the children and the parties had materially changed since its rendition, and prayed that she be granted custody of both children.

Defendant's motion remained undisposed of when on December 27, 1960, the parties filed their joint motion to modify the decree. They alleged therein that Kimberly Ann had been cared for by plaintiff's mother, but that it had become exceedingly difficult for her to care for both children; that Kimberly Ann had been "for some time," and then was, in the custodial care of Robert Calvin Brooks and Betty Lucille Brooks, his wife; that defendant had remarried and was then the wife of Fred

Dale Gallagher; that Mr. and Mrs. Brooks were eminently fit persons, who loved the child and treated her as one of their own, and that their three children had accepted Kimberly; and that it would be to the best interests of all parties concerned, and particularly of Kimberly Ann, if she were to be and remain as a part of the Brooks family. The prayer was that the decree of divorce be amended to award the exclusive care, custody and control of Kimberly to the Brooks; and that they be permitted to remove the child out of the jurisdiction of the court and out of the state, at their pleasure. Mr. and Mrs. Brooks, as well as plaintiff and defendant, executed the motion.

According to the transcript filed with us, which was approved by the Circuit Judge, this joint motion remained on file almost eleven months, until November 20, 1961, when the court filed a memorandum stating "Plaintiff's and defendant's joint motion to modify decree denied." Thereupon on the same day, a judgment was entered in which it was recited that "It is ordered by the Court, of its own motion, that the plaintiff's and defendant's joint motion to modify, heretofore filed herein on the 27th day of December, 1960, be and the same is hereby denied." Thereafter, on December 5, 1961, the parties filed their joint motion to set aside the order of November 20, 1961, and to expunge the same from the record. This motion was argued and submitted on December 15, 1961, overruled on January 25, 1962, and the parties appealed on February 3, 1962.

As plaintiff points out, the record fails to disclose that their joint motion to modify the decree was placed on the dismissal or any other docket, and likewise fails to show that the parties were given prior notice that the court would take up and pass upon the motion. He contends that the court erred in ruling upon the motion without giving the parties such prior notice and an opportunity to be heard; asserts that for such lack of due process the judgment was null and void, and should have been set aside

and expunged; and prays that we reverse the judgment and remand the matter " * * * with directions to the Court *nisi* to set aside that 'judgment' and reinstate the joint motion to modify on the docket for trial upon its merits, after notice and an opportunity to present evidence in support thereof."

■ It is a cardinal principle of the law that whenever a party's rights are to be affected by a summary proceeding or motion in court, he shall have timely notice thereof in order that he may appear for his own protection. George v. Middough, 62 Mo. 549; Dougherty v. Manhattan Rubber Mfg. Co., 325 Mo. 656, 29 S.W.2d 126; Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347; Mandel v. Bethe, Mo.App., 170 S.W.2d 87. If the court passed upon the joint motion without giving the parties prior notice and an opportunity to be heard there can be no reasonable doubt that the judgment entered was void and should have been set aside. Mandel v. Bethe, supra. We hypothesize the statement because, though the record does not show a *formal* submission of the joint motion, we find in the parties motion to vacate the allegation:

"Movants further state that when the Court indicated an unwillingness to sustain said Motion, said Motion was abandoned, and that on December 31st, 1960 a Transfer of Custody was applied for in the Juvenile Division of the St. Louis Circuit Court, which transfer of custody was granted on January 20th, 1961."

This would indicate that the parties did present their joint motion to modify to the court, at least informally, for the court could not have indicated "an unwillingness to sustain" the motion unless the parties had discussed it with it. Their statement also reveals that although they had decided to abandon their motion the parties did not dismiss or withdraw it, but permitted it to clutter up the docket for almost eleven

months. Such a practice is not one to merit approbation.

 If the joint motion to modify was abandoned, as the parties stated, it is difficult to perceive why the parties are now entitled to a trial upon its merits; or, for that matter, how they were aggrieved parties and entitled to appeal. Sec. 512.020, RSMo, V.A.M.S. In any case, assuming the invalidity of the judgment denying their joint motion, it does not necessarily follow that we should reverse the judgment and remand the case for a trial upon the merits of the motion, as the parties request. To do so would be a useless and futile act, for the entire matter has become moot. The relief which the parties sought by their joint motion to modify was permission to transfer the custody of Kimberly Ann to Mr. and Mrs. Brooks. According to their own statement, that relief was granted them by the Juvenile Court of the City of St. Louis on January 20, 1961. The Juvenile Court has jurisdiction to order the transfer of custody of children in certain proceedings, Sections 453.070, 453.080, State ex rel. M. L. H., etc. v. Carroll, Mo.App., 343 S.W.2d 622, and in the absence of anything to the contrary we must presume its judgment to be valid. Gomez v. Gomez, Mo., 336 S.W.2d 656. A case becomes moot, among other reasons, when some event occurs which makes it impossible for the appellate court to grant effectual relief. State ex rel. Myers v. Shinnick, Mo., 19 S.W.2d 676; State ex rel. Winkelman v. Westhues, Mo., 269 S.W. 379; Euclid Terrace Corp. v. Golterman Enterprises, Inc., Mo.App., 327 S.W. 2d 542. Thus in State ex rel. Myers v. Shinnick, supra, it was said (19 S.W.2d l. c. p. 678): "Courts are not organized and maintained for the purpose of vindicating the actions of parties in bringing lawsuits or to settle abstract propositions of law, where no relief can be granted. * * * If no relief can be granted, either because it appears that such relief has already been obtained * * *. The case is then said to be 'moot.'" And in 5 C.J.S. Appeal &

Error § 1362a, p. 444, the general rule is laid down:

"If, pending an appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal or writ of error will be dismissed. * * *"

 The only appropriate action to be taken is to dismiss the appeal. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, this appeal is dismissed.

WOLFE, A. P. J., and FRANK W. HAYES and RAY E. WATSON, Special Judges, concur.