**William KIRCHMEIER, Petitioner-Respondent,**

**v.**

**Walter R. HJELLE, as State Highway Commissioner of the State of North Dakota and W. W. Ferguson, as Director, Safety Responsibility Division for State Highway Commissioner, Respondents-Appellants.**

No. 8090.

Supreme Court of North Dakota.

July 9, 1964.

Rausch & Chapman, Bismarck, for petitioner and respondent.

Helgi Johanneson, Atty. Gen., and Jon R. Kerian, Sp. Asst. Atty. Gen., Bismarck, for respondents and appellants.

MORRIS, Chief Justice.

On July 30, 1962, an administrative order of revocation of driver's license was made by W. W. Ferguson, Director, Safety Responsibility Division for the State Highway Department, addressed to William Kirchmeier, petitioner herein, directing that all of his licenses and permits be surrendered, including license Number 14282. The order stated:

"* * * that your Operator's License and driving privileges be revoked, effective as of this date, and you are directed and required to immediately surrender and return your license to the Office of the Safety Responsibility Division of the State Highway Department, for a period of six months."

The record includes a transcript of testimony purporting to have been taken on September 24, 1962 at an administrative hearing before Jon R. Kerian, Special Assistant Attorney General, acting at the request of the State Highway Commissioner as his duly authorized agent, at which hearing Kirchmeier appeared in person and by his attorney, Richard Rausch. At the conclusion of this hearing, Mr. Kerian directed that the order of revocation be continued in force. This transcript was before the trial court and by stipulation was made a part of the settled statement of the case.

On October 1, 1962, the petitioner, William Kirchmeier, filed in the office of the clerk of the District Court of Burleigh County a notice of appeal and petition for judicial review entitled "In the Matter of the Revocation of Driver's License Number 14282," in which he asked for a review of the hearing of September 24, 1962, pursuant to Section 39–20–06, NDCC.

We find in the judgment roll an order of the district court dated February 6, 1963, as follows:

"IT APPEARING to the satisfaction of the Court that heretofore a Notice of Appeal and Petition for Judicial Review had been filed herein by Petitioner and on the 2nd day of January, 1963, Petitioner having appeared by his attorney, Richard P. Rausch of the firm of Rausch and Chapman, and Respondents by and through Vernon R. Pederson, Special Assistant Attorney General, and it having been agreed in open Court that the Court could on or after the 31st day of January, 1963, issue its order authorizing the restoration of the driver's license to petitioner, and it appearing to the satisfaction of the Court that Petitioner's driver's license has been continuously held by the Clerk of this

Court and is now included in the file herein,

"NOW, THEREFORE, on motion of attorney for Petitioner, and upon the agreement made in open Court, it is hereby ORDERED that Petitioner's driver's license be and the same is restored to him and it is further ORDERED that the above entitled matter be and the same is in all things dismissed."

This order was filed on February 7, 1963, in the office of the clerk of the district court, and on the same day there was also filed in the office of the clerk a receipt signed by the attorney for the petitioner for the petitioner's driver's license Number 14282. We find no further reference to the order in the record.

It should be noted here that the order directing the return of the petitioner's driver's license and the dismissal of the proceedings was made more than six months after the administrative order of July 30, 1962 revoking the driver's license for a period of six months.

On March 20, 1963, the trial court signed findings of fact, conclusions of law and order for judgment. One of the findings of fact states:

"Mr. Kirchmeier's driver's license was deposited with the Highway commissioner and pursuant to court order was delivered to the office of the Clerk of Court of Burleigh County, North Dakota, and remained in the Clerk of Court's possession for more than six months thereafter."

The findings also include the court's determination of various questions of fact, and the conclusions of law state the court's determination with respect to a number of questions of law pertaining to the legality of the administrative order of revocation. These are questions upon which the attorneys no doubt desired to be advised as to the law.

Pursuant to the order for judgment, a judgment was entered determining that the order of revocation of the petitioner's driver's license "is null and void and the decision of the Commissioner of the North Dakota State Highway Department and his agent is in all things reversed." This appeal is taken from that judgment, and the respondent's brief argues at length various questions of law upon which the advice of this court is now sought.

The record clearly shows that at the time judgment was entered there was no justiciable issue remaining in this controversy either of fact or law for the court to decide. The period of suspension of the petitioner's driver's license provided for in the administrative order of July 30, 1962 had expired, during which time the license had been either in the hands of the State Highway Commissioner or in the office of the clerk of the district court. After the expiration of that period, the district court had ordered the license restored to the petitioner and the matter in all things dismissed. The order for the restoration of the license had been carried out by the clerk of the district court as disclosed by the receipt of the attorney for the petitioner on file in the clerk's office. The decision of the district court which resulted in the judgment appealed from was advisory and any decision that we might now render with respect to the validity of the administrative order of revocation could now serve no other purpose than advise, since those questions have become moot. Walling v. Shenandoah-Dives Mining Co., 10 Cir., 134 F.2d 395; Humphrey v. Humphrey, Mo. App., 362 S.W.2d 92.

Under the circumstances presented here, we find what we said in State of North Dakota, ex rel. Harold Schafer v. Gussner, et al., N.D., 114 N.W.2d 707, to be pertinent:

"These issues had ceased to be justiciable at the time they were submitted to the district court and the court's

decision thereon was therefore purely advisory and without legal effect."

We have repeatedly held that the judicial power vested in the courts of this State extends only to the determination of actual controversies properly before the Court. Lockwood v. Baird, 59 N.D. 713, 231 N.W. 851; State ex rel. Anderson v. Sieg, 63 N.D. 724, 249 N.W. 714; State ex rel. Schafer v. Gussner, N.D., 92 N.W.2d 65. Our courts are not authorized to give advisory opinions and will not decide moot questions or propositions that have become abstract because of events occurring subsequent to the commencement of the action or where lapse of time prevents the rendering of effective relief except where questions of great public interest involve the authority and power of public officials and the real merits of the controversy are still unsettled. State ex rel. Dakota Trust Co. v. Stutsman, et al., 24 N.D. 68, 139 N.W. 83. In this case subsequent events and the passage of time have rendered the judgment impotent. The appeal is therefore dismissed.

TEIGEN, BURKE and ERICKSTAD, JJ., concur.

STRUTZ, J., did not participate.