**STATE of North Dakota, Plaintiff,**

**v.**

**George KATSOULIS, Defendant.**

**Cr. 352.**

Supreme Court of North Dakota.

Jan. 30, 1967.

John A. Alphson, State's Atty., and Robert A. Alphson, Asst. State's Atty., Grand Forks, for plaintiff.

Edward C. Gillig, Grand Forks, for defendant.

ERICKSTAD, Judge.

By information dated October 10, 1966, the defendant, George Katsoulis, was charged with having committed the crime of murder in the second degree. On being informed that Mr. Katsoulis was without funds to employ an attorney, the presiding judge, the Honorable Harold M. Hager, appointed Edward C. Gillig as Mr. Katsoulis's attorney.

On October 13 Mr. Katsoulis filed an affidavit of prejudice in which he alleged that he had reason to believe that he could not have a fair and impartial trial before Judge Hager, and, as a result thereof, the Supreme Court designated the Honorable Hamilton E. Englert.

On October 28, before Judge Englert, with his attorney, Mr. Gillig, present, Mr. Katsoulis entered a plea of not guilty to a charge of having committed the crime of murder in the second degree.

At the same time the State moved that the court commit Mr. Katsoulis to the State Hospital at Jamestown for an examination pursuant to §§ 29–20–01 and 29–20–03, N.D. C.C. As the trial court was of the opinion that there was no basis for an examination pursuant to § 29–20–01, and as counsel for the defendant indicated that he would perhaps know in ten days whether the defense of insanity or mental defect as of the time of the alleged commission of the crime would be an issue or defense, the court continued the matter until November 7.

When the court convened on November 7, counsel for Mr. Katsoulis informed the court that he still had not had time to decide if the defense of insanity as of the time of the commission of the alleged offense would be asserted. However, he resisted the State's motion, saying that as the defense had not been raised, it was not yet an issue in the case, and that therefore the State's motion should be denied. He said that both Mr. Katsoulis and his wife had received some psychiatric treatment in the past but asserted that this fact did not necessarily raise the defense of insanity as an issue.

It was his position that insanity could not be an issue unless it were raised by the defendant. The State, however, contended that the issue could be raised by the State, and that the State need not wait until the defense of insanity was asserted at the trial. The State asked that the court take notice of the fact that Mr. Katsoulis had been a patient at the State Hospital at Jamestown and at a federal institution for psychiatric care, and that he had been treated at the county agency known as the Northeast Regional Mental Health and Retardation Service Center.

The State asserted that the examination called for under § 29–20–03 would take three weeks, and that therefore the State could not wait until the defendant offered evidence in support of such a defense during the trial of the lawsuit before it made the motion for an examination pursuant thereto. The State also informed the court that defense counsel had read psychiatrists' reports to him over the telephone, and that he had indicated that insanity might be an issue. The State contended that with that notice it was the State's duty to bring this information to the court's attention so that the court could act timely under § 29–20–03. Defense counsel argued that committing the defendant to the hospital under § 29–20–03 would be a "neat and cute" way to try to get around the constitutional right of the defendant to remain silent.

At the request of the defense counsel that the defendant be given additional time to determine whether the defense of insanity would be asserted, the court postponed its decision on the motion until November 10. At the same time the trial court indicated that it would grant the defendant's motion for a change of venue and would transfer the case from Grand Forks County to Barnes County. An order to that effect was executed by the trial court on November 14.

On November 10 defense counsel filed a waiver of the defense of insanity. The waiver, however, was made under protest.

On November 12 the trial court ordered that Mr. Katsoulis be transported to the State Hospital for observation and examination pursuant to § 29-20-03, with respect to the existence of insanity or mental defect on the part of the defendant at the time of the alleged commission of the offense charged. The court also ordered that the proper officer of the State Hospital prepare a written report regarding the mental condition of the defendant so far as it indicated his mental condition at the time of the alleged offense.

Pursuant to that order Mr. Katsoulis was transported by the Sheriff of Grand Forks County to the State Hospital at Jamestown for observation and examination.

In the court's order changing the place of trial the court, apparently believing that the examination would be completed by then, ordered the Sheriff of Grand Forks County to convey the defendant into the custody of the Sheriff of Barnes County on December 10.

On December 2 Mr. Katsoulis filed with this court an application for a writ of certiorari, alleging that the trial court, in making the order committing Mr. Katsoulis to the State Hospital for examination, exceeded its jurisdiction.

On the same date this court ordered that a writ of certiorari issue. The writ issued commanded the trial court to certify and return to this court on December 9 a full, true, and complete transcript of the record and proceedings in the action, so that it could be reviewed by this court and proper action could be taken. In the meantime the trial court was ordered to desist from any further proceedings in the matter to be reviewed.

By letter dated November 30, 1966, the Superintendent of the State Hospital informed the trial court that Mr. Katsoulis refused to cooperate and that, in view of that fact, he recommended that Mr. Katsoulis be returned to Grand Forks to await trial. The body of his letter follows:

In accordance with the Court Order in reference to the above named, I wish to inform you that George Katsoulis was admitted to this hospital on 11-14-66. During the time that he has remained in this hospital, he has consistently and categorically refused to cooperate with any form of psychiatric or psychological evaluation. He has repeatedly stated that he refuses to make any statements on the grounds that he may incriminate himself and therefore believes that his hospitalization here and any attempt at psychiatric evaluation is contrary to his constitutional rights. In view of this situation, I recommend that he be returned to Grand Forks to await trial. I regret that under these circumstances, no conclusion regarding his mental condition at the time of a crime could be reached.

Apparently on receipt of this letter the trial court, on December 2, ordered the Sheriff of Grand Forks County to forthwith return Mr. Katsoulis to the jurisdiction of Grand Forks County to await further proceedings according to law.

█ It appears, therefore, that on the same date that this court issued its writ, the trial court executed its order which directed the Sheriff to return Mr. Katsoulis to Grand Forks. We must assume that the trial court took this action prior to service upon it of the writ, and that pursuant to the trial court's order, Mr. Katsoulis was returned to Grand Forks. The State asserts that the trial court was not served with the writ until December 6.

The statutes which the trial court considered read as follows:

29-20-01. Examination of defendant's mental condition to determine whether he shall be tried.—If, before or during the trial, the court has reasonable ground to

believe that the defendant against whom an indictment has been found or an information filed is insane or mentally defective to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court immediately shall fix a time for a hearing to determine the defendant's mental condition. The court may appoint two disinterested qualified experts to examine the defendant with regard to his present mental condition and to testify at the hearing, or it may commit the defendant to the state hospital for the insane for observation and examination regarding his present mental condition. The proper officer of such institution shall present to the court which conducted the hearing a report regarding the defendant's present mental condition. He also may be summoned to testify at the hearing. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party.

29-20-03. Appointment of expert witnesses by court—Commitment to institution for examination.—Whenever on a prosecution by indictment or information the existence of insanity or mental defect on the part of the defendant at the time of the alleged commission of the offense charged becomes an issue in the cause, the court may appoint one or more disinterested qualified experts, not exceeding three, to examine the defendant, or it may commit the defendant to the proper institution for observation and examination. In either case, the clerk shall notify the state's attorney and counsel for the defendant of the action of the court, and, if experts have been appointed, their names and addresses shall be given. If the defendant is at large on bail, the court, in its discretion, may commit him to custody pending the examination by the experts appointed. The action of the court in appointing experts or committing the defendant for examination shall not preclude the state or de-

fendant from calling expert witnesses to testify at the trial, and, in case the defendant is committed to custody by the court or to an institution for examination, they shall be permitted to have free access to the defendant for purposes of examination or observation.

29-20-04. Written report required—Witness at trial.—If the defendant is committed to a state institution, the court shall direct that the proper officer of such institution prepare a written report regarding the mental condition of the defendant so far as it indicates his mental condition at the time of the alleged offense. Such officer shall be summoned as a witness at the trial and shall be examined by the court and may be examined by either party.

North Dakota Century Code.

This court issued the writ of certiorari pursuant to the authority contained in § 32-33-01, which reads as follows:

32-33-01. When and by whom writ of certiorari granted.—A writ of certiorari shall be granted by the supreme court or district court when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board, tribunal, or inferior court, as the case may be, and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice.

North Dakota Century Code.

The extent of our review of the trial court proceedings is governed by § 32-33-09, which reads as follows:

32-33-09. Extent of review.—Except as otherwise provided by law, the review upon a writ of certiorari cannot be extended further than to determine whether the inferior court, tribunal, board, or of-

ficer has pursued regularly the authority of such court, tribunal, board, or officer.

North Dakota Century Code.

We have rarely construed our statutes on certiorari in a review of criminal proceedings.

In Green v. Whipple this court reviewed on certiorari the action taken by a county court with increased jurisdiction in which the county court, after a preliminary examination, issued an order holding Green for trial at the next term of the district court.

In construing the section which is now § 32–33–09, this court said:

> The review of the action of the county court was limited to a determination of whether that court in holding the defendant for trial pursued regularly the authority vested in it with respect to preliminary hearings in criminal matters. * * *

Green v. Whipple, 89 N.W.2d 881, 882 (N.D.1958).

This court construed § 32–33–01 in Waltman v. Austin, 142 N.W.2d 517 (N.D.1966). There the trial court imposed a sentence in excess of the penalty provided for the offense committed. This court held that action to be in excess of jurisdiction and thus properly reviewable on certiorari. There was, however, a vigorous dissent.

Let us now attempt to determine whether the trial court in this case exceeded its jurisdiction or failed to pursue regularly the authority vested in it when it ordered the commitment of Mr. Katsoulis to the State Hospital for examination pursuant to § 29–20–03.

Whether the court exceeded its jurisdiction or failed to regularly pursue its authority depends upon whether the existence of insanity or mental defect on the part of the defendant at the time of the alleged commission of the offense charged had become an issue in the cause at the time of the trial court's order committing the defendant to the State Hospital for examination.

It is our view that this matter had become an issue, that therefore the trial court acted within its jurisdiction and regularly pursued its authority, and that accordingly the writ issued by this court should now be quashed and the injunction should be revoked.

Three statutes which support this conclusion follow:

29–14–23. Plea of not guilty puts in issue every material allegation.—The plea of not guilty puts in issue every material allegation in the indictment or information.

29–14–24. Evidence under plea.—All matters of fact tending to establish a defense other than one of the defenses specified in the third and fourth subdivisions of section 29–14–15 may be given in evidence under the plea of not guilty.

North Dakota Century Code.

29–14–15. Pleas classified.—There are four kinds of pleas to an information or indictment. These severally are:

1. Guilty;

2. Not guilty;

3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty; and

4. Once in jeopardy, which also may be pleaded either with or without the plea of not guilty.

North Dakota Century Code.

In State v. Shahane, the defendant, who had been convicted of murder in the second degree, alleged that the trial court erred in not giving the jury a requested instruction on the defense of insanity. In that case we said:

Under section 11063, C.L.1913, "An act done by a person in a state of insanity cannot be punished as a public offense." It is clear from this statute, that *if there is any evidence of the defendant's insanity whether on the part of the state or the defense or from any evidence brought out at the trial from any source, the instruction should be given.* The question as to whether there is evidence is one primarily for the court. There was no evidence offered to prove the insanity of the defendant, and no claim of insanity made until the instruction was presented to the court; and in the light of the testimony relied on by the defendant, we cannot say that the trial court erred in not instructing on the question of the defendant's insanity. [Emphasis added.]

State v. Shahane, 56 N.D. 642, 219 N.W. 132, 134.

Prior to reaching the conclusion that no error had been committed in not instructing on the question of the defendant's insanity, the court, speaking through Justice John Burke, said:

Under section 10746, C.L.1913, there are four pleas, viz: guilty, not guilty, a former judgment of conviction or acquittal, and once in jeopardy. In this case the defendant pleaded not guilty, and that plea, under section 10750, C.L.1913, puts in issue every material allegation in the information or indictment, and under section 10751, all matters of fact tending to establish a defense other than those specified in the third and fourth subdivisions of section 10746, may be given in evidence under the plea of not guilty.

The subdivisions referred to embrace former conviction, acquittal, and previous jeopardy which must be specially pleaded. It follows, that evidence of accidental death, insanity, self-defense, defense of another person, and any and every other defense may be offered under a plea of not guilty, save and except, the defense of former conviction or acquittal, or previous jeopardy, and if there was any evidence of defendant's insanity the instruction asked by the defendant, or some instructions, should have been given on that subject.

State v. Shahane, 56 N.D. 642, 219 N.W. 132, 133.

It should be noted that § 10746, C.L.1913, is now § 29–14–15, N.D.C.C.; that § 10750, C.L.1913, is now § 29–14–23, N.D.C.C.; and that § 10751, C.L.1913, is now § 29–14–24, N.D.C.C.

 It is clear, therefore, that under a plea of not guilty, evidence may be submitted in support of the defense of insanity. It is also significant that this court said in *Shahane* that if there is any evidence of the defendant's insanity, whether submitted by the State or by the defense or brought out at the trial from any source, an instruction on insanity should be given.

Our present statutes, §§ 29–20–01 through 29–20–05, N.D.C.C., are derived from Chapter 216 of the 1933 Session Laws. Section 29–20–03, which we have under consideration in this case, is derived from § 3 of Chapter 216. Section 5 of Chapter 216 states that "all acts or parts of acts in conflict herewith are hereby repealed." The title of Chapter 216 recites that §§ 11064 through 11071, C.L.1913, are repealed. Although § 11063, C.L.1913, was not expressly repealed by Chapter 216, it was left out of the Revised Code of 1943. We believe, however, that the intent of § 11063, C.L.1913, is contained in §§ 29–20–01 through 29–20–05, N.D.C.C.

■ Applying the reasoning in *Shahane* to § 29-20-03, it would appear that the existence of insanity or mental defect on the part of the defendant at the time of the alleged commission of the offense charged was an issue in the cause, it having been made so by the State. If the question of evidence of insanity was primarily for the court under § 11063, C.L.1913, it would seem logical that the question of whether the existence of insanity had become an issue in the case under the present statute would be one primarily for the trial court as well. Section 29-20-03 does not require that the issue of insanity or mental defect arise during the trial of the case; it requires that the issue arise on a prosecution by indictment or information. In this case the defendant has been arraigned, and thus he has been prosecuted by information.

■ Under the plea of not guilty, and in light of the information supplied the trial court concerning the defendant's previous psychiatric treatment at the State Hospital, a federal hospital, and the county facility, we conclude that the trial court acted within its jurisdiction and regularly pursued its authority.

■ The constitutionality of a statute may not be considered in a review under a writ of certiorari. City of Fargo v. Annexation Review Commission, 148 N.W.2d 338 (N.D.1966); State ex rel. Dreyer v. Brekke, 75 N.D. 468, 28 N.W.2d 598.

■ As it has not been shown that the trial court acted without jurisdiction or in excess of its jurisdiction, or that it did not regularly pursue its authority, the writ should now be quashed and the injunction should be terminated.

Some may argue that we should not have reached these issues because the trial court has in effect rescinded its order committing the defendant to the State Hospital for examination by ordering that he be returned to Grand Forks County to await trial to be held subsequently in Barnes County, and the defendant, having refused to be examined, has been returned. Those who so believe may argue that that order makes the said issues academic or, as this court has said on previous occasions, "moot."

■ Our most recent application of that principle was in the case of Kirchmeier v. Hjelle, in which we said:

We have repeatedly held that the judicial power vested in the courts of this State extends only to the determination of actual controversies properly before the Court. [Citations omitted.] Our courts are not authorized to give advisory opinions and will not decide moot questions or propositions that have become abstract because of events occurring subsequent to the commencement of the action or where lapse of time prevents the rendering of effective relief except where questions of great public interest involve the authority and power of public officials and the real merits of the controversy are still unsettled. [Citation omitted.] In this case subsequent events and the passage of time have rendered the judgment impotent. The appeal is therefore dismissed.

Kirchmeier v. Hjelle, 129 N.W.2d 373, 376 (N.D.1964).

Without determining whether the question: Did the trial court have the authority to commit the accused for examination under the circumstances of this case? was academic, we have decided it; because even if it is academic, the question is of great public interest, involving the authority and power of the district courts and the rights of accused persons who may be similarly situated in the future.

In State ex rel. Anderson v. Sieg, 63 N.D. 724, 249 N.W. 714, 715, after stating that this court "is not permitted to give

advisory opinions and has consistently declined to decide moot questions, or require the issuance of a writ where its issuance would be useless or unavailing by reason of events occurring subsequent to the commencement of the proceedings, or where the lapse of time has rendered the relief sought nugatory, or where the writ cannot be enforced," the court went on to point out that it did not say that under no circumstances will this court determine a moot question. It cited North Dakota Wheat Growers' Ass'n v. Moore as a case which set forth the circumstances under which a moot question may be determined.

In *Wheat Growers'* the court said:

Appellate courts, as a rule, decline to decide questions which have become moot. "It is not within the province of appellate courts to decide abstract hypothetical or moot questions disconnected from the granting of actual relief, or from the determination of which no practical relief can follow." 3 C.J. 358. Where, however, the matter in controversy appears to be one of "great public interest" and involves the "authority and power" of public officials, the appeal will not be ignored as a moot question. [Citations omitted.]

North Dakota Wheat Growers' Ass'n v. Moore, 52 N.D. 904, 204 N.W. 834, 835.

We do therefore quash the writ of certiorari previously issued by this court and terminate the accompanying injunction.

TEIGEN, C. J., STRUTZ, J., and ADAM GEFREH, District Judge, concur.

KNUDSON, J., concurs in the result.

PAULSON, J., deeming himself disqualified did not sit, Honorable ADAM GEFREH, District Judge of the Third Judicial District, sitting in his stead.