Jerry M. GASSER, Plaintiff-Appellant,

v.

Byron L. DORGAN, Tax Commissioner, Office of State Tax Commissioner, State of North Dakota, Defendant-Appellee.

Civ. No. 9391.

Supreme Court of North Dakota.

Dec. 19, 1977.

Jerry M. Gasser, pro se.

Robert W. Wirtz, Special Asst. Atty. Gen., State Tax Dept., Bismarck, for defendant and appellee.

PAULSON, Judge.

The plaintiff, Jerry M. Gasser [hereinafter Gasser], appeals, pro se, from the order of the Grand Forks County District Court entered on July 30, 1977, in which order the court denied Gasser's motion: (1) to quash a subpoena duces tecum which had been issued by the defendant, Byron L. Dorgan, Tax Commissioner, Office of State Tax Commissioner, State of North Dakota [hereinafter Dorgan], against the First National Bank in Grand Forks [hereinafter First National Bank] to obtain certain bank records and documents pertaining to Gasser; and (2) to issue a "permanent restraining order" enjoining Dorgan from obtaining or attempting to obtain any information pertaining to Gasser from the First National Bank. Gasser has also filed, pro se, a

motion with this court to suppress the use, in subsequent proceedings, of any evidence acquired by Dorgan from the First National Bank pertaining to Gasser. Dorgan has filed a motion to dismiss Gasser's appeal and a motion to dismiss Gasser's motion to suppress.

During June of 1977, Gasser was sent a letter from the office of the North Dakota Tax Commissioner informing him that the individual income tax forms he filed for the 1976 tax year were incomplete in that they lacked sufficient information from which a tax liability, if any, could be determined. Subsequently, two agents of the North Dakota Tax Commissioner met with Gasser and requested certain business records from him relating to the 1976 tax year. Gasser refused to make the requested records available to the agents. Dorgan then issued, pursuant to subsection 6 of § 57–01–02 and § 57–38–56, of the North Dakota Century Code, an administrative subpoena duces tecum which was served upon First National Bank requesting the bank's controller to appear and testify before Dorgan or his designated agent on July 29, 1977, and to produce, on that date, certain bank records and documents pertaining to Gasser. A copy of the subpoena duces tecum was also served upon Gasser.

On July 26, 1977, Gasser filed, pro se, a complaint and a motion in the Grand Forks County District Court requesting the court to quash the subpoena duces tecum and to permanently enjoin Dorgan from obtaining or attempting to obtain any information pertaining to Gasser from the First National Bank. Gasser raised the following issues as grounds for his requested relief:

(1) Whether Dorgan, acting in his capacity as the North Dakota Tax Commissioner, has authority to issue an administrative subpoena duces tecum without court approval and in noncompliance with the North Dakota Rules of Civil Procedure;

(2) Whether compliance with the subpoena duces tecum by the First National Bank would constitute an unlawful search and seizure in violation of Gas-

ser's rights under the Fourth and Fourteenth Amendments of the United States Constitution; and

(3) Whether compliance with the subpoena duces tecum by the First National Bank would violate Gasser's constitutional rights against self-incrimination under the Fifth and Fourteenth Amendments of the United States Constitution.

A hearing on Gasser's motion was held in the district court at which hearing Gasser appeared, pro se, and Dorgan appeared through counsel. The district court issued an order denying Gasser's motion and dismissing the motion with prejudice against Gasser. In its order the district court concluded that Dorgan was authorized by the North Dakota Legislature to issue an administrative subpoena duces tecum and that the North Dakota Rules of Civil Procedure were not applicable to its issuance. The district court further concluded that compliance with the subpoena duces tecum by the First National Bank would not constitute a violation of Gasser's Fourth or Fifth Amendment rights under the United States Constitution.

On July 29, 1977, Gasser filed a notice of appeal from the district court's order and also moved for a stay of the order pending his appeal. The district court denied the motion for a stay. On that same date, July 29, 1977, the controller of the First National Bank complied with the subpoena duces tecum by testifying and by permitting a duly authorized agent of the State Tax Commissioner to examine bank records and documents pertaining to Gasser for the year 1976.

On August 8, 1977, Gasser filed with this court a Motion for Mandatory Injunction Pending Appeal from Order Denying Injunction, in which motion he requested this court to order Dorgan to return all materials obtained from the First National Bank until the appeal from the order had been heard. This court denied Gasser's request on the same date, that is, August 8, 1977.

On October 3, 1977, Gasser filed a motion requesting this court to suppress the use, in

subsequent proceedings, of any evidence acquired by Dorgan from the First National Bank pertaining to Gasser.

Dorgan has filed with this court a motion to dismiss Gasser's appeal on the ground that the appeal is moot because the act sought to be enjoined has already been completed. Dorgan has also filed a motion to dismiss Gasser's motion to suppress evidence.

Dorgan, through counsel, and Gasser, pro se, have presented oral arguments before this court on the motion to dismiss the appeal, and briefs have been filed by both parties.

In this opinion, we shall consider Dorgan's motion to dismiss Gasser's appeal and Dorgan's motion to dismiss Gasser's motion to suppress evidence.

## MOTION TO DISMISS APPEAL

Gasser requests this court on appeal to reverse the order of the district court in which that court refused to quash the subpoena duces tecum or to enjoin Dorgan from obtaining information from the First National Bank pertaining to Gasser. Dorgan requests this court to dismiss Gasser's appeal on the ground that the appeal is moot. Subsequent to the district court's refusal to enjoin the enforcement of the subpoena duces tecum the First National Bank made bank records and documents available to the Tax Commissioner in compliance with the subpoena duces tecum. Dorgan asserts that the appeal from the denial of the injunction is, therefore, moot.

■ It is well-settled law that the courts cannot render advisory opinions and that an appeal will be dismissed if the issue becomes moot or academic, leaving no actual controversy to be determined. *Peoples State Bank of Velva v. State Bank of Towner*, 258 N.W.2d 144 (N.D.1977); *Goetz v. Gunsch*, 85 N.W.2d 881 (N.D.1957). An appeal becomes moot when by the lapse of

time or by events occurring prior to the appellate court's determination the appellate court is unable to render effective relief. *Kirchmeier v. Hjelle*, 129 N.W.2d 373 (N.D.1964).

■ The case of *Goetz, supra,* involved an appeal from an order of the district court denying a stay of execution upon two judgments. Prior to the determination of that appeal both judgments were paid. This court dismissed the appeal on the ground of mootness because, upon payment of the judgments, there was nothing upon which to base an order for a stay. This court stated in the majority opinion, *Goetz, supra* 85 N.W.2d at 883, that: "The courts will not by injunction try to prevent that which has already been done.". In the instant case, as in *Goetz, supra,* the requested injunctive relief would be of no avail since the act sought to be enjoined has already been completed. Consequently, the question of whether injunctive relief should be granted to prevent enforcement of the subpoena duces tecum is moot.

In prior decisions, this court has stated that a moot issue will be determined only if it is of such great public interest and the real merits of the controversy are so unsettled that public policy demands a determination of the issue. *Wiederanders v. Wiederanders*, 187 N.W.2d 74 (N.D.1971); *Hart v. Bye*, 86 N.W.2d 635 (N.D.1957); *State v. Sieg*, 63 N.D. 724, 249 N.W. 714 (N.D.1933); *State v. Stutsman*, 24 N.D. 68, 139 N.W. 83 (N.D.1912). However, we conclude that the issues which Gasser has raised before the district court and again on this appeal [1] are not so unsettled and are not of such great public interest that public policy necessitates their current determination, notwithstanding that the appeal itself is moot.

It is possible that the issues raised by Gasser on this appeal may arise under future circumstances in which an actual con-

[1]. The issues which Gasser raised before the district court and again on this appeal were reiterated previously in this opinion. Briefly, the three issues raised involve the Fourth Amendment right against unreasonable search and seizure, the Fifth Amendment right against self-incrimination, and the authority of the Tax Commissioner to issue an administrative subpoena duces tecum.

troversy between the parties exists and in which it is not impossible for the court, before whom the issues are raised, to render the requested relief. In such a case the issues could properly be determined by the court. However, no such future situation is now before us, and, therefore, this court cannot now determine the issues raised. *State v. Gussner*, 92 N.W.2d 65 (N.D.1958). The First National Bank has complied with the subpoena duces tecum, and it would be of no avail for this court to affirm or reverse the district court's order. We hold that the appeal from the order of the district court is moot. Accordingly, the motion to dismiss the appeal is granted.

### MOTION TO DISMISS THE MOTION TO SUPPRESS

Gasser filed a motion requesting this court to suppress Dorgan's use of any evidence he obtained from the First National Bank pertaining to Gasser. Dorgan requests this court to dismiss Gasser's motion to suppress.

Pursuant to Article IV § 86 of the North Dakota Constitution (as amended, S.L.1975, ch. 615, § 1, approved September 7, 1976, S.L. 1977, ch. 599), this court has appellate jurisdiction and also original jurisdiction with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction. Section 27–02–04, N.D.C.C., provides that this court

"  .  .  . shall exercise its original jurisdiction only in habeas corpus cases and in such cases of strictly public concern as involve questions affecting the sovereign rights of this state or its franchises or privileges."

The original jurisdiction of this court is a discretionary power which may not be invoked as a matter of right, and this court will determine for itself whether each particular case is within its original jurisdiction. *State v. Friederich*, 108 N.W.2d 681 (N.D.1961). This court will exercise its original jurisdiction only in those cases in which the matter to be litigated is *publici juris* wherein the sovereignty of the State, the prerogatives of the State, or the liberties of its people are directly involved. *State v. North Dakota Hospital Service Ass'n*, 106 N.W.2d 545 (N.D.1960). To warrant the exercise of original jurisdiction by this court, the interest of the State must be primary and the public, the community at large, must have an interest or right which may be affected. *State v. North Dakota Hospital Service Ass'n supra.* Gasser's motion to suppress evidence involves a private interest and is not a matter which directly affects the interests of the public at large.

The use of the evidence obtained by the subpoena duces tecum may be raised at the appropriate time in a subsequent proceeding. Perhaps other procedures are or will be available through which Gasser can obtain a resolution of the issues he has raised in his current motion to suppress evidence. However, it is not the purpose of this court, nor is this court authorized, to give individualized advice to a party regarding the proper course of legal action to pursue or the proper procedure to follow.

We hold that Gasser's motion to suppress is premature, is improperly before this court, and is not within this court's original jurisdiction. Accordingly, the motion to dismiss Gasser's motion to suppress evidence is hereby granted.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.