STATE of North Dakota, Plaintiff and Appellee,

v.

Richard KEY, Defendant and Appellant.

Crim. No. 1150.

Supreme Court of North Dakota.

June 6, 1986.

Bruce B. Haskell, Asst. State's Atty., Mandan, for plaintiff and appellee; argued by Bruce Haskell.

Feldner & Danielson, Mandan, for defendant and appellant; argued by Rodney K. Feldner.

ERICKSTAD, Chief Justice.

Richard Key, defendant, appeals his conviction of the criminal traffic offense of violating a drivers license restriction (temporary restricted operator's license), a Class B misdemeanor under Section 39–06–17, N.D.C.C. We reverse and remand for a new trial.

On March 16, 1985, Key was issued a traffic citation for violating his restricted license in violation of Section 39–06–17, N.D.C.C. After Key entered a plea of not guilty, the court appointed counsel to represent Key, and a jury trial in the matter was set for May 1, 1985. On April 1, 1985, Key's court-appointed counsel filed an unsigned document waiving the jury trial. On May 2, 1985, Key's counsel was permitted to withdraw as legal counsel for Key and the court then appointed a second attorney as Key's legal counsel. A jury trial was scheduled for September 11, 1985, and then rescheduled for January 3, 1986. In its order rescheduling the date of the jury trial, the court indicated that if the rescheduled date of the jury trial was not confirmed in writing within 15 days before the date of the jury trial, the court would deem the jury trial waived and reschedule the matter for a bench trial. Neither Key nor his counsel confirmed the date of the jury trial. The court then changed the trial to a bench trial and rescheduled the case for

January 13, 1986. The trial was held without a jury, Key was convicted of the offense charged, and was sentenced to 30 days in the Morton County jail.

Key appealed the judgment of the county court and then filed a motion for release pending appeal pursuant to Rule 38, N.D. R.Crim.P., and Rule 9(b), N.D.R.App.P.[1] The court denied the motion for release pending appeal, but failed to "state in writing the reasons for the action taken" as is required by Rule 9(b), N.D.R.App.P. After Key's second counsel withdrew from this case and a third counsel was appointed to represent Key, the motion for release pending appeal was again submitted along with a request that the court state in writing any reasons for refusing the motion. The court again denied the motion stating that Key was "likely to flee the jurisdiction; and that the Defendant does pose a danger to others in the community, particularly law enforcement personnel." No motion for release pending appeal was made to the Supreme Court, as is permitted by Rule 9(b), N.D.R.App.P.

■ On appeal, Key argues that his judgment of conviction should be reversed because he did not waive his right to a jury trial pursuant to Rule 23(a), N.D.R.Crim.P. *See State v. Haugen,* 384 N.W.2d 651 (N.D. 1986); *State v. Kranz,* 353 N.W.2d 748 (N.D.1984). The State argues that the issue is moot because Key has already served his entire sentence, and therefore, there is no remedy that this Court may afford him. Should this Court determine that the case is not moot, "the State con-

---

1. Rule 9(b), N.D.R.App.P., applicable at the time this case was considered by the county court provided:

   *"(b) Release Pending Appeal from a Judgment of Conviction.* Application for release after a judgment of conviction shall be made in the first instance in the trial court. If the trial court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be

made to the supreme court or to a justice thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties present and after reasonable notice to the appellees. The supreme court or a justice thereof may order the release of the appellant pending disposition of the motion."

Amendments to Rule 9(b) have gone into effect subsequent to the consideration of this case by the county court. These amendments, however, are not pertinent to our consideration of this case.

cedes the merits of the Appellant's contentions."

■ The State acknowledges that the fact that a defendant has served his entire prison term does not automatically foreclose an appellate court from considering the merits of the case. *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The State refers us to *Sibron* to support its argument that when a criminal defendant has served his entire prison term the "case will not be found to be moot if two conditions are found: 1) That the defendant could not have brought his case to the appellate court for review before the expiration of his sentence, and 2) that further penalties or disabilities can be imposed as a result of the judgment which has been satisfied."

At the outset, we note that we do not agree with the State's interpretation of *Sibron*, that *both* of these *conditions* must be met before this type of case will not be considered moot. A proper reading of *Sibron* indicates that a case will not be considered moot *if either one or the other* of these two *exceptions* is found to exist. 392 U.S. at 51–53, 88 S.Ct. at 1896–97, 20 L.Ed.2d at 928–29. We will discuss the second of these two exceptions because it is dispositive of this issue.

In arguing that the second of these two exceptions does not apply to the case at hand, the State contends that because of Key's numerous convictions for criminal traffic violations, "[i]t is unlikely that a judge would impose a harsher sentence for future violations the Appellant may be convicted of solely as a result of the instant conviction." It may be true that this conviction alone may not result in harsher sentences for future violations. On the other hand, it is not certain that this conviction will never be the reason for, or when combined with other factors contribute to, the imposition of a harsher sentence for a future violation. Pursuant to Section 12.1–32–04(7), N.D.C.C., one of the factors to be considered by a court when making its sentencing decision is the "prior delinquency or criminal activity" of the defendant.

This conviction could also have an adverse effect on Key's driving privileges pursuant to Section 39–06–17(5), N.D.C.C., under which the license may be revoked as a penalty for violating a restricted license, and Section 39–06.1–10(3)(b)(9), N.D.C.C., under which points are assigned against one's driving record for violating a restricted license. "The mere 'possibility' that this will be the case is enough to preserve a criminal case from ending 'ignominiously in the limbo of mootness.'" *Sibron*, 392 U.S. at 55, 88 S.Ct. at 1899, 20 L.Ed.2d at 930. Because of the possible detrimental effect this conviction could have on Key in the future, we conclude that the issue in this case is not moot.

The State has also referred us to *Kirchmeier v. Hjelle*, 129 N.W.2d 373 (N.D. 1964), to support its argument that the case now before our Court is moot. We recognize this case but find it distinguishable on its facts. *Kirchmeier* involved a challenge to an administrative agency order suspending the claimant's driver's license. The suspension period had expired before the case reached our Court and the issue of a possible adverse effect in the future was not raised. There was no indication that the claimant's criminal record or future driving privileges could be affected by maintenance of the order.

As we have concluded that the issue in this case is not moot, and as the State has conceded that Key should prevail if the case is not moot, we reverse Key's conviction for violating driver's license restrictions and remand for a new trial. *State v. Kautzman*, 383 N.W.2d 813 (N.D.1986).

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.